SOLOMON COLONY *vs.* JACOB MAECK.

A recovery may be had on a recognizance, entered into in court for the prosecution of a suit there pending &c., although the suit may have been dismissed for want of jurisdiction, if cost was taxed for the defendant in the suit agreeably to the provisions of the statute.

The court had jurisdiction of the suit for the purpose of taking such recognizance, also of rendering judgment on the plea to their jurisdiction, and of rendering judgment for cost.

This was an action of debt on recognizance.—Pleas, *nul tiel* record, and pleas in bar that the court before whom said recognizance was entered into had not jurisdiction of the subject matter of the suit. The plaintiff traversed the pleas of *nul tiel* record, and demurred the pleas in bar.

The court decided on inspection of the record that there was such a record, and the defendant's pleas in bar were insufficient. Whereupon judgment was rendered for plaintiff. To the decision of the court upon the sufficiency of the pleas in bar, the defendant excepted. Exception allowed and the cause passed to this court for revision. A further statement of the case is comprized in the opinion of the court.

*Mr. Maeck pro se.*—The defendant insists that the action cannot be sustained on the ground that the county court having no jurisdiction over the suit had no authority to take a binding recognizance.

Costs were not allowed at common law, they are of statute creation, and from the earliest period of their allowance to the present day it has been held an indispensible requisite that the court should have jurisdiction over the subject matter of the suit.—2 Mass. R. 207.—12 do. 370. At common law then the case is clearly with the defendant.

But the defendant rests his right of recovery on the act of 1830. The statute confers no power on the court to take a recognizance. The whole power conferred is to tax costs and issue execution. To go beyond the power given by the statute is assuming jurisdiction not warranted by the statute. It will be observed that the statute here confers a new right on the party, to wit, to tax costs and have his execution for them, a new jurisdiction in the court, to wit, to tax the costs and issue execution for them, and that the power can be fully enjoyed and the jurisdiction fully exercised to the extent of the statute without assuming the power of taking a recognizance. A proper application of the principles laid down in the following cases will put the matter beyond question.

In 6 Mass. 44, the court held "it was a rule founded in sound

FRANKLIN,
April,
1836.

Colony
vs.
Maeck.

reason that where a new statute gives a new power and the means of executing it, those who claim the power can execute it no other way.—See also, 12 Mod. 104.—5 Mass. 515.—2 Sid. 63.—Strange 25.

But plaintiff insists that as the legislature have given the court power to tax costs they have impliedly given them power to take recognizances to secure them. But there is a broad distinction between implying those necessary powers to carry into execution an express power given by the law, and implying all those discretionary powers to render it in the opinion of the judge the most effectual and available. The first are legitimate powers, the second illegitimate. Costs can be taxed and execution issue for them without any recognizance. The legislature have fully expressed what and all they did intend and the court cannot vary.

It cannot be contended that the court have power to take any and all recognizances and that they are binding. The recognizances spoken of at a common law were either for the purpose of giving precedence in payment, to serve as evidence and to operate as liens. In all those cases a precedent debt, duty &c. existed on the part of the recognizor. They could not be taken when the right to enforce them depended on a contingency.

*H. R. Beardsley for plaintiff.*—Judgment having been rendered in the suit, James Thompson against the plaintiff that the court had not jurisdiction of the subject matter, the question now to be considered is whether the present defendant as bail can be holden to respond the plaintiff's costs in that suit.

It is unnecessary to examine the question on common law principles, for we consider the question as set at rest by legislative enactment. The act passed Nov. 5, 1830, declares "that in all actions which are or shall hereafter be pending before any court in this state and judgment shall be rendered, that such court shall proceed to tax costs for the party in whose favor such judgment shall be rendered and issue execution therefor." This act requiring the court to tax costs in such cases necessarily involves and confers the power of taking security for costs. Otherwise the act would be wholly nugatory.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is an action of debt on a recognizance, entered into by the defendant in the county court, to prosecute a suit there pending, in favor of one Thompson against Colony the present plaintiff, and to pay all costs in case of failure. The suit

FRANKLIN,
April,
1836.

Colony
vs.
Maeck.

of Thompson against Colony was originally commenced before a justice of the peace, a judgment was rendered by the justice in favor of Thompson, Colony appealed to the county court, and inasmuch as the matter in demand was over one hundred dollars, the county court dismissed the suit and taxed costs in favor of Colony against Thompson which have not been paid.

A recovery in this suit is resisted, on the ground that the suit of Thompson against Colony not being within the jurisdiction of a justice, nor within the appelate jurisdiction of the county court, the county court had no authority to take the recognizance, but the only remedy of the present plaintiff is by his execution against Thompson.

Of the authority of the court to take such recognizance, we have no doubt. By the general statute, every plaintiff, on praying out a writ, is required to give security to the defendant, by way of recognizance, that he will prosecute the suit to effect. The court, before whom the suit is depending, where either the surety or the sum of the recognizance is insufficient to respond the costs, may order bail to be put in for that purpose. It is incident to the power of the court to take a recognizance. Wherever the court can tax costs, they may, by their general power under the statute, take a recognizance to secure the payment of those costs.

For many purposes the court had jurisdiction of the cause between the parties, although the recent want of jurisdiction may have been a defence to the suit, or preclude a final judgment on the merits of the action. The action was regularly before them for the purpose of adjudicating on any plea denying the jurisdiction. While the suit was pending, and before it was decided, the defendant might have been surrendered and ordered into custody in discharge of his bail. The court had jurisdiction for the purpose of taxing and rendering judgment for costs, and their judgment was subject to a writ of error, or a removal to the supreme court by exceptions, which is similar to a writ of error. It is equally clear to us that they had jurisdiction for the purpose of taking a recognizance to secure costs.

We do not consider that the power of the court to take a recognizance in cases similar to this was given by the statute of 1830. It existed before, and no writ could legally issue without a recognizance. Before that statute, whenever a cause was dismissed for want of jurisdiction in the court, costs usually were not allowed or taxed. Of course the recognizance became of no consequence. But when the legislature directed the court to tax costs for the de-

fendant upon dismissing a cause for want of jurisdiction, the same necessity existed for requiring a recognizance to respond the costs as in any other suit.

In the case between Thompson and Colony the court had jurisdiction of the parties and of the action so as to render a judgment thereon for the cost ; the justice who issued the writ was required to take a recognizance to respond the costs ; and the court, while the action was pending before them, had, by the general statute and as incident to their powers, authority to take the recognizance on which this suit was brought, and the same must be effectual for the purpose for which it was taken.   Having this view of the case the judgment of the county court, which was in favor of the plaintiff, must be affirmed.