# FIRST NATIONAL BANK OF PLATTSBURG

v.

## NATHAN N. POST.

GENERAL TERM, 1892.

*Ex parte deposition. Recognizance for costs where court has no jurisdiction of defendant. Jurisdiction. Offset. Assignment of claim. Promise to pay. Subsequent parol modification of writing. Authority to settle is authority to pay.*

1.  A deposition is taken *ex parte* within the court rule, "No deposition taken *ex parte* without the State shall be used on the trial of any case unless taken at least fifteen days prior to the first day of the term for which it was taken to be used," if there is no appearance by the adverse party, whether such party has been notified to attend or not.

2.  A recognizance for costs to defendant taken before a court having jurisdiction of the plaintiff and subject-matter is valid, even though no jurisdiction of the defendant was ever acquired.

3.  By bringing suit on such a recognizance the defendant in the old suit as plaintiff in the new suit submits itself to the jurisdiction of the court, and the recognizor, as defendant, may plead in offset any proper claim.

4.  S, the plaintiff in the original suit, having assigned his claim against the plaintiff in this suit to the defendant, the plaintiff having been duly notified thereof by the defendant, and having promised to pay him the same, the defendant might have maintained an action in assumpsit upon such claim in his own name, and may plead it in offset.

5.  And although a portion of the assignment was to the defendant in trust, he may certainly offset so much as was to him absolutely.

6.  Such an assignment would not be invalid.

7.  Although the first assignment was in writing, a subsequent parol modification of it might be shown, where the promise to pay referred to the assignment as modified.

8.  Authority to the president of the plaintiff bank to settle the claim of S would imply authority to bind the bank to pay the amount of this claim to the defendant, to whom it had been assigned.

Debt on two recognizances. Pleas, the general issue and offset. Trial by jury at the September term, 1891, Franklin county, TYLER, J., presiding. The court directed a verdict for the defendant. The plaintiff excepts.

It appeared that one A. G. Safford, of Washington, D. C., brought two suits in March and April, 1887, against the plaintiff, a corporation located and doing business under the National Banking Act at Plattsburg, in the State of New York, said suits being returnable to the Franklin county court in the State of Vermont. In each of these suits the defendant, Post, was recognized for costs. The only service obtained upon the plaintiff bank in those suits was by trusteeing a debt due the plaintiff from a resident in Vermont, and the cases were each dismissed for want of jurisdiction. The costs were taxed in one case at $7.43 and in the other at $37.03, and the plaintiff sought to recover these amounts with interest in this suit.

The defendant offered the deposition of the said Safford, taken at Washington on August 29, 1890, to be used at the September term, 1890, of the Franklin county court, which convened that year on the 9th day of September. The plaintiff had been notified of the taking of said deposition on the 23d day of August, 1890. The plaintiff did not appear at the taking of the deposition, and objected to its introduction upon the trial; for the reason that it was taken *ex parte*, and within fifteen days before the first day of the term at which it was to be used. The court overruled the objec-

tion, and as a matter of law admitted the deposition, to which the plaintiff excepted.

From the deposition it appeared that Safford had been originally employed by the plaintiff bank in connection with certain suits pending in the United States Circuit Court for the District of Vermont, and had rendered services to a considerable amount in such suits. On account of services so rendered he had received various sums by way of payment from the plaintiff bank, leaving a balance his due of $281.19. The bank having refused to pay this sum for the alleged reason that his charges were exorbitant, he brought the suits in 1887, previously referred to, to recover this balance.

At the time these suits were brought he was indebted to one Mooney in the sum of $200, and for the purpose of securing the payment of this amount to Mooney, and for the further purpose of securing the defendant, Post, any sum which might be his due, he made an assignment of his claim against the plaintiff bank to Nathan N. Post, trustee, being the defendant, and notified the plaintiff bank of this fact. Safford testified that the sum of $281.19 was actually his due, and there was no evidence in this case to contradict that testimony.

The defendant, Post, testified that the original assignment from Safford to himself was by letter, but that subsequently he saw Safford, and the terms of the assignment were then more fully stated and perfected; that after this he saw the president of the plaintiff bank, and told him that the claim of Safford against the bank had been assigned to him, the defendant, and the president of the plaintiff bank thereupon promised to pay the defendant whatever sum might be due from the bank to Safford, but denied that there was as much as $281.19 so due.

The defendant testified that subsequent to the written assignment it was arranged between himself and Stafford that he should be first paid out of the proceeds of the assign-

ment for whatever cash he might expend about said suits, and for his services in the same, and that the balance, if any, was to be paid to Mooney; and that he afterwards saw Mooney, who assented to the terms of this arrangement.

The plaintiff insisted that so long as the original assignment was in writing its terms could not be varied by parol testimony, and objected and excepted to the admission of the evidence given by the defendant upon that point as above. At the close of the entire testimony the defendant moved for a verdict in his favor in the sum of $281.19. The plaintiff moved the court to direct a verdict in its favor for the amount of the two recognizances. The court overruled the motion of the plaintiff, and directed a verdict in favor of the defendant in accordance with his motion, to which the plaintiff excepted.

The defendant claimed that inasmuch as the court had no jurisdiction of the plaintiff in the original suits in which he became recognized, such recognizances were void, and the court so held in directing a verdict for the defendant.

*E. A. Sowles* for the plaintiff.

The defendant was liable on his recognizance, notwithstanding that the court in the original suit had no jurisdiction of the defendant. R. L. §§ 47, 1,170; *Colony* v. *Maeck*, 8 Vt. 114.

The defendant could not properly offset the claim of Safford which had been assigned to him in this suit. *Safford* v. *Bank*, 61 Vt. 373; *Braynard* v. *Fisher*, 6 Pick. 355; *Clark* v. *Leach*, 10 Mass. 51; *Adams* v. *Bliss*, 16 Vt. 39; *Phelps* v. *Bulkley*, 20 Vt. 17; *Leavenworth* v. *Lapham*, 5 Vt. 204.

The defendant could not offset the claim, for the reason that he was not the owner of the entire claim. *White* v. *Boolay*, 7 B. Mon. (Ky.) 546; *Carter* v. *Nichols*, 58 Vt.

15

554; _Gibson_ v. _Cooke,_ 20 Pick. 15; _Robins_ v. _Bacon,_ 3 Greenl. 346; _Mandeville_ v. _Welch,_ 5 Wheat 277; _Insurance Co._ v. _Horner,_ 9 Met. 39; _Corsy_ v. _Jones,_ 15 Gray 543.

_Ballard & Burleson_ and _Farrington & Post_ for the defendant.

Reasonable notice had been given the plaintiff of the taking of Safford's deposition. It was not, therefore, _ex parte._ _Hough_ v. _Lawrence,_ 5 Vt. 299; _Darling_ v. _Woodward,_ 54 Vt. 101.

The recognizances in the original suit were void, and the defendant is not liable upon the same. _State Treasurer_ v. _Wells,_ 27 Vt. 276; _State Treasurer_ v. _Danforth,_ Brayton 140; _Stevens_ v. _Admr. of Stevens,_ 30 Vt. 213.

The plaintiff bank having promised the defendant to pay him the amount of Safford's claim, the same can be plead in offset in this suit. _Simmonds_ v. _Pierce,_ 51 Vt. 467; _McPeck_ v. _Moore,_ 51 Vt. 269; _Nelson_ v. _Wells et al.,_ 51 Vt. 52; _Lamoille Valley R. R. Co._ v. _Marsh,_ 49 Vt. 37.

The opinion of the court was delivered by

ROSS, Ch. J.   The deposition of Alfred G. Safford was admitted against the exception of the plaintiff, on the objection that it was within the rule of the court, "No deposition taken _ex parte_ without the State shall be used on the trial of any case unless taken at least fifteen days prior to the first day of the term for which it was taken to be used." The deposition was taken out of the State, without the appearance of the plaintiff, only eleven days prior to the first day of the term for which it was taken to be used. The rule is a rule of the trial court, and might have been waived by that court in its discretion, and the deposition admitted notwithstanding this objection. The court did not exercise its discretion in this respect, but held that inasmuch as the

·plaintiff was lawfully notified of the taking of the deposition, it was not a deposition taken *ex parte* within the rule. This was error. R. L. 1,028 requires that depositions taken without notice to the adverse party shall be filed with the clerk of the court at least twenty days prior to the first day of the term for which they were taken to be used, to render them legally admissible. It is not to be presumed that the court undertook by a rule to repeal or override a positive statute. Hence the rule could not have been intended to apply to depositions taken *ex parte*, because taken without notice to the adverse party. It must have application to depositions taken with notice, but without the presence of the adverse party. This gives the proper meaning to *ex parte*. R. L. 1,027 provides that such depositions, or depositions taken on notice, may be taken at a reasonable time after notice. This requires the court, in any instance, to pass upon what is a reasonable time. It leaves uncertain what the trial court may hold to be a reasonable time, under the circumstances attending the taking of every deposition. To obviate this necessity and to remove the uncertainty, so far as possible, in regard to depositions taken without the State, and near to the term at which they are to be used, the rule was adopted.

II. The county court held that the plaintiff could not recover on the recognizances declared on, because they were taken in suits against the plaintiff in which the court obtained no jurisdiction of the plaintiff. The court to which the suits were returnable, in which the recognizances were taken, had jurisdiction of the subject matter of the suits. But the suits were brought against the plaintiff, a non-resident in this State, by attaching a debt due to it in this State. This was the only service upon the plaintiff. This service is prohibited by the act of Congress under which national banks are organized. *Safford* v. *National Bank of Plattsburg and Trustee*, 61 Vt. 373. Hence it is contended that the court

had no jurisdiction to take the recognizances, that they were not enforceable against the defendant, and that the plaintiff's only remedy for the costs recovered in those suits is against Safford, the plaintiff therein. The county court held in accordance with this contention. This was also error. R. L. 847 requires the taking of recognizances, and R. L. 1,170 authorizes the rendition of judgments for costs, as was done in favor of the plaintiff, although the court acquired no jurisdiction. The recognizances were taken to secure to the plaintiff—the defendant in those suits—the payment of any judgments in its favor which might be rendered for costs. The court had jurisdiction both to take recognizances and to render the judgments for costs ; and the recognizances were valid and enforceable against the defendant. Such was the holding in *Colony* v. *Maeck*, 8 Vt. 114. *State Treasurer* v. *Wells*, 27 Vt. 276, relied upon by the defendant, is not in point. The recognizance in that suit was not such as the court had authority to take, under the circumstances of that case.

III. The plaintiff came into this State, and brought this suit to enforce these recognizances. By this act it submitted itself to the jurisdiction of the court, and gave it jurisdiction to award the defendant the right to declare against it in set-off. The claim of the defendant was of such a nature that assumpsit could be maintained upon it. It rested upon the promise of the plaintiff to pay to the defendant the claim of Safford against it. Safford's claim would, sued in his name, have supported either book account or assumpsit. The uncontradicted testimony of the defendant, admitted, showed a novation of this claim. It showed an assignment of it by Safford to the defendant. This was relinquishment of the claim to the defendant by Safford. When the plaintiff was duly notified of the relinquishment, it was legally bound to pay the claim of the defendant. It could no longer legally pay it to Safford. But while standing in this condition the

defendant could enforce it only in the name of Safford. But when the plaintiff on being notified of the assignment promised to pay the claim, whatever it might be, to the defendant, it thereby became liable to him only. The assignment, with due notice thereof, and the promise, left it a claim existing between the plaintiff and defendant. The assignment made the defendant the owner of the claim between him and Safford. Due notice of it to the plaintiff made it such between the defendant and the plaintiff. The plaintiff's promise to pay the claim to the defendant, upon being duly notified of the assignment, completed the substitution between the three, of the defendant in the place of Safford, as the owner, and as the party entitled to enforce the claim. The promise was only between the plaintiff and defendant. It is contended that the assignment was to the defendant in trust. It was in part. But the defendant was the absolute owner of the claim to the extent of the payment of his debt against Safford, and for his services and expenses. The amount of the defendant's personal interest in the claim assigned is not stated, but it is evidently greater than the amount due the plaintiff on the recognizances. To this extent, at least, the court could allow the defendant to offset the amount recoverable in set-off. Whether, therefore, he could be allowed to set off that portion of the claim which he held in trust for Mooney need not be considered. The plaintiff's contention that the assignment was void because the whole claim was not assigned for the same purpose cannot be sustained. The whole claim was assigned to the defendant. There was no division of the claim in the assignment. That the defendant had part of the claim and might hold part of the sum recovered in trust for Mooney did not make the assignment double, or one to the defendant and another to Mooney. The authorities cited by the plaintiff on this point are not applicable.

Nor was the court in error in allowing the defendant to testify that the first assignment in writing was modified by

provisions resting, in part, in parole.   The defendant took no action under and gave no notice of the written assignment, nor did the plaintiff's promise relate to that assignment, but to the whole assignment, both written and parole. The plaintiff also contends that the promise to pay the Safford claim to the defendant was not binding, because made by the president of the plaintiff.   Whether the president of a bank, by virtue of his office, has power to bind the bank by a promise not authorized by the directors need not be considered.   After the assignment and notice the plaintiff could legally pay the claim to no other person than the defendant.   Its promise was only needed to enable the defendant to enforce the claim in his own name.   From the deposition of Safford, if it had been legally admissible, the settlement of the claim appears to have been entrusted by the plaintiff to its president.   If this was so, we think he would have implied authority, at least, to bind the plaintiff to pay whatever might be found due on the claim to the defendant.   Such promise would be within the scope of authority to settle the Safford claim.   But inasmuch as the deposition of Safford was improperly admitted, the case must go back for another trial, in which the authority of the president can be investigated.

*Judgment reversed and cause remanded.*