# FIRST NATIONAL BANK OF PLATTSBURG

v.

## NATHAN POST.

JANUARY TERM, 1894.

*Talesman not disqualified as juror for two years.    Party may contradict his own witness.. Evidence.   Attorney's lien.*

1.  A juror is not disqualified under No. 111, s. 1, Acts 1884, by having been drawn and served as a talesman within two years.

2.  A party may prove by other testimony the truth of a particular fact in contradiction of his own witness, even though the collateral effect is to show such witness generally unworthy of credit.

3.  The defendant plead in offset a claim which one S. originally had against the plaintiff.   S. testified in behalf of the defendant that he had assigned the claim to the defendant in trust for M.    The defendant then offered testimony that subsequently a new arrangement was made between S., M. and defendant, by which the assignment was to be to the defendant individually, and that the plaintiff had notice of this last arrangement and promised to pay the claim to the defendant.   This latter testimony was received subject to the objection and exception of the plaintiff that it impeached the witness S.   *Held*, no error.

4.  *Held*, that, under the circumstances of this case, the fact that " but a small amount was received from one of the claims" put into the hands of an attorney for collection, had no bearing upon the question as to what the agreement with the attorney for his compensation was.

5.  This suit was brought to recover two bills of costs against the defendant.   *Held*, that the plaintiff could not, upon the

trial, for the purpose of ousting the jurisdiction of the court and defeating the set-off of the defendant, claim that these cost bills were the property of its attorney in the original suits by virtue of his attorney's lien, it not appearing that 'he had ever notified the defendant of such a lien, nor that anything was due him on account of those suits.

Debt on two recognizances. Pleas, the general issue and offset. Trial by jury at the September term, 1893, Franklin county, Ross, C. J., presiding. Verdict for the plaintiff on its declaration and for the defendant on his declaration in offset. The court gave the defendant judgment for the balance remaining after deducting the amount found due the plaintiff from the amount found due the defendant. The plaintiff excepts. The opinion states the case. See same case, 65 Vt. 222.

*E. A. Sowles* for the plaintiff.

The defendant could not contradict his witness, Safford. *Cox* v. *Eayrs*, 55 Vt. 24; *Adams* v. *Waite*, 97 Mass. 67; 1 Greenl. Ev., ss. 180, 190; *Hicks* v. *Crane*, 17 Vt. 455; *Willey* v. *Eason*, 35 Vt. 214; *McCrary* v. *Ramson*, 19 Ala. 430; Herman, Est., 11, 344.

*Ballard & Burleson* and *Farrington & Post* for the defendant.

The juror was not disqualified by having been drawn as a talesman within two years. Acts 1884, No. 111; *State* v. *Coxe*, 52 Vt. 471.

THOMPSON, J.  I.  A juror who served in this case was drawn and served as a talesman in a state case tried by jury in the Franklin county court, at its April term, A. D. 1893. He was thus drawn from St. Albans, a town then and now having more than two hundred inhabitants. The trial of the case at bar at which this juror served occurred at the September term, A. D. 1893, of that court, The

plaintiff moved to set aside the verdict on the ground that this juror was disqualified from being drawn and serving for two years from the time he was drawn as talesman. In support of this contention the plaintiff relies upon St. 1884, No. 111, s. 1. This statute relates wholly to the election or appointment of persons to serve as grand and petit jurors in the county court, from the respective towns in the county, and to the manner in which the names of such persons shall be drawn for jury service by the sheriff or his deputy. After providing in detail how the names of persons elected or appointed for jurors shall be kept, and how the same shall be drawn, that act further provides that

" Every person drawn by the sheriff or his deputy to serve as a grand or petit juror, from any town containing more than two hundred inhabitants, shall be disqualified from again serving as a juror for two years from such drawing."

Construing this statute as a whole it is evident that such disqualification was intended to apply only to such jurors as might be drawn in the manner therein provided, and we therefore hold that it does not apply to a person drawn as a talesman, and the motion to set aside the verdict was properly overruled.

II.   In support of his declaration in offset the defendant introduced the testimony of A. G. Safford, who was the creditor to whom the claim sought to be recovered in offset originally accrued against the plaintiff, the same being for Safford's services as its attorney. His testimony tended to prove that he assigned the claim to the defendant in trust for the benefit of one Mooney, to whom Safford was then indebted, to secure the payment of such indebtedness, and that he notified the plaintiff of such assignment. After this evidence had been introduced the defendant was permitted to testify in substance that, after the assignment to which Safford had testified, it was arranged between himself, Safford and Mooney that the assignment should be to the de-

fendant individually, to pay him a small debt which Safford then owed him, and for his expenses, disbursements and services for collecting the claim, and the balance, if any, to go to Mooney, and that prior to the bringing of the suit at bar he notified the plaintiff of this assignment to him, and it then promised to pay him whatever there was due on the claim, if anything.

The plaintiff excepted to the admission of this testimony given by the defendant, on the ground that it contradicted that of his witness Safford. This contention cannot be maintained. It had no tendency to impeach Safford. It only tended to prove that subsequent to the transaction as detailed by Safford, a different arrangement was made in respect to the assignment by all the parties interested therein, of which the plaintiff had notice, and in consideration thereof promised to pay defendant Post, as stated. It did not even contradict Safford, for Post did not testify that the arrangement was not originally as stated by Safford. But had his testimony tended to contradict Safford on this point it would have been admissible. In such cases the rule is that

" The party calling a witness is not precluded from proving the truth of any *particular fact* by any other competent testimony in direct *contradiction* to what such witness may have testified ; and this not only where it appears that the witness was innocently mistaken, but even where the evidence may collaterally have the effect of showing that he was generally unworthy of belief." 1 Greenl. Ev., s. 443.

Hence it was not error to admit this testimony.

III. The plaintiff offered to prove, as bearing upon what the contract in fact was in respect to the compensation which Safford was to receive from it for his services, " that but a small amount was received from one of the claims put into his hands." The evidence offered was excluded, to which the plaintiff excepted. The testimony on both sides was to the effect that there was a special agreement between

the plaintiff and Safford in regard to the compensation he should receive for his services and in regard to which the alleged balance assigned to the defendant arose, but there was a conflict as to the terms of such agreement. The evidence excluded had no tendency to show whether the contract was as claimed by the plaintiff or by Safford. So far as the offer discloses, the claim upon which but a small amount was received may have been a small claim, or, if a large one and collectible when put into his hands, but little may have been realized from it without his fault by reason of the subsequent financial condition of the debtor, or by reason of some other cause. The plaintiff can take nothing by this exception.

IV.  There was no error in the refusal of the court below to instruct the jury that the two bills of costs for which it obtained judgment in the suits in which the recognizances were entered, and for the recovery of which this action is brought, belonged to Edward A. Sowles, its attorney in those suits. This claim was set up to defeat the right of the defendant to recover in offset. There was no evidence that Sowles had ever given Safford or the defendant notice that he had or claimed an attorney's lien on the judgments for costs, nor do the exceptions disclose that Sowles has not been fully paid for his services and disbursements in those cases, by the plaintiff. The case standing thus, the plaintiff cannot now set up an attorney's lien in the name of Sowles, to defeat the defendant's right of set off. *Weed* v. *Boutelle*, 56 Vt. 575 ; *Hurlburt* v. *Brigham & Waterman*, 56 Vt. 368 ; *McDonald* v. *Smith*, 57 Vt. 502 ; *Fairbanks* v. *Devereaux*, 58 Vt. 359.

V.  All the other questions raised and urged in this court were decided when this case was before this court in A. D. 1892, as reported in 65 Vt. 222, and that decision must be taken to be the law of the case.

*Judgment affirmed.*