MILDRED HAYDEN, ADMX., ESTATE OF EARLE C. HAYDEN *v.* CALEDONIA NATIONAL BANK.

May Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 6, 1942.

*Finn & Monti* for the plaintiff.

*Graves, McShane & Mehlman* for the defendants.

STURTEVANT, J. This is an action of contract. The defendant, among other defenses, relies upon the statute of limitations. At the September Term, 1941, of Washington County Court, the cause was heard on a demurrer to the plaintiff's surrejoinder. This demurrer was overruled and the cause brought to this Court upon exceptions by the defendant before final judgment pursuant to the provisions of P. L. 2072.

The defendant having pleaded the statute of limitations, the plaintiff replied that a former suit for the same cause was commenced November 15, 1937, and that within one year after the abatement of the writ in the former action the plaintiff brought this suit. The defendant in its rejoinder traversed the allegation that the action was commenced by writ issued within six years and thirty days from the accrual of the cause of action and also denied that said former writ was abated, and averred that it was issued without authority of law and was "absolutely void." The plaintiff filed a surrejoinder setting forth that the present suit was brought within one year after the former writ had been adjudged void and had been dismissed by this Court. The defendant then demurred. The ground of this demurrer was that the former writ being "absolutely void" no action was commenced thereby and it was insufficient to interrupt the running of the statute of limitations and to entitle the plaintiff to the benefits of P. L. 1665.

The "judgment at large" in the first suit brought by the plaintiff is incorporated in the record of the case at bar. The facts upon which that judgment was rendered briefly stated are as follows. The writ in that case issued as a writ of attachment but was served as a writ of summons. It was entered in Washington County Court and the defendant filed a motion to dismiss

for the reason that the writ was issued in violation of the federal statute 12 U. S. C. A. Sec. 91, which provides that no attachment shall be issued against a national bank or its property before final judgment in any suit, action or proceeding in any state, county or municipal court. The court below denied the motion and the defendant brought the case here upon exceptions before final judgment under the provisions of P. L. 2072. At the May Term, 1941, this Court entered the following judgment in that case: ''Judgment reversed. The plaintiff's writ is dismissed with costs.'' *Hayden's Admx.* v. *Caledonia National Bank,* 112 Vt. 30, 35, 20 Atl. (2d) 675, 678.

As will later appear, the case at bar is the third suit brought by the plaintiff against the defendant for the same alleged cause of action. The writ in this case is dated July 1, 1941. The plaintiff's cause of action is alleged to have accrued December 8, 1931, and is within the general jurisdiction of Washington County Court. See *Howe* v. *Lisbon Savings Bank & Trust Co. et al.,* 111 Vt. 201, 207, 14 Atl. (2d) 3.

The statute by authority of which the plaintiff claims the right to maintain this suit is as follows:

''Sec. 1665. **When an action fails for certain causes.** When, in an action commenced within the time limited in this chapter, the writ fails of a sufficient service or return by unavoidable accident, or by default or neglect of the officer to whom it was committed, or is abated, or the action otherwise defeated or avoided by the death of a party thereto, or for matter of form, or if, after a verdict for the plaintiff, the judgment is arrested, or if a judgment for the plaintiff is reversed on a writ of error or on exceptions, the plaintiff may commence a new action for the same cause within one year after such determination of the original action, or after the reversal of judgment therein; and, if the cause of action survives, his executor or administrator may, in case of his death, commence such new action within such time; or, if an executor or administrator is not appointed within that time, within one year after letters testamentary or of administration are granted.''

The defendant contends that the plaintiff is not aided by the provisions of this statute because:

(1) The former writ being void it was no writ at all and no action was commenced by it.

(2) The so-called former writ was not abated or otherwise defeated or avoided for matter of form.

The statute P. L. 1665 has its beginning in the distant past. It traces its origin to the English limitation act of 1623 (21 James I, Chapter 16, Sec. 4). That act with some additions appears in the Laws of Vermont as revised, 1797 edition, chapter 68, Sec. 9. Sec. 16, page 307, of the Revised Statutes of Vermont, 1839 edition, is practically the same as P. L. 1665. The provisions of the latter statute here material have been the law of this state for more than one hundred fifty years.

This statute is a remedial one and so should receive a liberal construction. *Spear* v. *Curtis,* 40 Vt. 59, 65. That was a case in which the plaintiff claimed to be entitled to the benefits of a statute similar to the one in question here upon the ground that a former suit which he had brought before a justice of the peace failed because the justice did not appear on the return day at the time and place designated in the writ as required by law. For that reason that suit failed without a determination of the merits. Speaking of the failure of the former suit, this Court stated as follows: ''The statute of Massachusetts, which, on this subject, is identical with our present statute, has received the same liberal construction by the courts of that state. In *Coffin* v. *Cottle,* 16 Pick. [Mass., 383], 386, Ch. J. Shaw says the statute is meant to declare that, 'where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality which he can remedy or avoid by a new process, the statute shall not prevent him from so doing, provided he follows it promptly by a suit within the year.' The same doctrine is recognized in *Wood* v. *Houghton,* 1 Gray, [Mass.], 580.'' *Spear* v. *Curtis,* 40 Vt. 59, 64, 65.

Also in that case at page 65 it is stated: ''The neglect of the magistrate to appear with it (the writ) at the place of trial is of the same character, and although not within the strict letter of the statute, yet is so clearly within the spirit, equity, and object of the statute, that we think it must be regarded as fairly embraced within it.''

Also see *Phelps & Bell* v. *Wood,* 9 Vt. 399.

In *Tracy* v. *Grand Trunk Railway Co.,* 76 Vt. 313, 57 Atl. 104, the defendant pleaded the statute of limitations. The plaintiff replied, admitting that his suit was brought more than six years after his cause of action accrued. He contended, however, that he was entitled to maintain his action because within six years from the time when his cause of action accrued he had commenced a former suit, that the writ in that suit failed of sufficient service by unavoidable accident for which reason alone that former suit was determined against him. He claimed that the later suit having been commenced within a year from the termination of the former one the statute of limitations had been tolled by the provisions of V. S. 1214, now P. L. 1665.

In construing the meaning of the expression ''when in an action commenced'' as applied to that case this Court held that in most cases, if not all not relating to the statute of limitations, an action in personam is not treated as commenced until process is served. But under the general provisions of that statute the time of issuing the writ is regarded as the commencement of an action if due service follows and not otherwise. But V. S. 1214, now P. L. 1665, is an exceptional provision of the statute of limitations and by its terms applies to actions commenced which fail of service. A suit is commenced within the meaning of that statute when the writ is issued with the purpose on the part of the plaintiff of having it served and proceeded with though the writ fails of service or of sufficient service, provided it so fails through unavoidable accident. No service of the writ is insufficient service of it within the meaning of the statute. 76 Vt. 319 and 320, 57 Atl. 104.

*Colony* v. *Maeck,* 8 Vt. 114, was an action of debt on a recognizance entered into by the defendant in county court to prosecute a suit there pending in favor of one Thompson against the said Colony and to pay all costs in case of failure. The defendant Maeck resisted a recovery on the ground that the suit in which the recognizance was taken was commenced before a justice of the peace and being for more than one hundred dollars was not within the jurisdiction of a justice court and so not within the appellate jurisdiction of the county court and he contended that for this reason the county court was without juris-

diction to take the recognizance in question. Held that while the county court was without jurisdiction to try the case upon the merits yet for many purposes the court did have jurisdiction of the case. The action was regularly before the county court for adjudicating on any plea denying jurisdiction. While the suit was pending and before it was decided, the defendant might have been surrendered and ordered into custody in discharge of his bail. The court had jurisdiction for the purpose of taxing and rendering judgment for costs, and its judgment was subject to appeal to the Supreme Court. It had jurisdiction to take the recognizance in question. 8 Vt. 115 and 116.

It was upon the authority of *Colony* v. *Maeck,* 8 Vt. 114, that this Court decided *First National Bank of Plattsburg* v. *Post,* 65 Vt. 222, 25 Atl. 1093.

That was an action of debt on two recognizances. The defendant contested the plaintiff's right to recover in that case on the ground that the writs in the cases in which he was surety for costs were issued and served in violation of the provisions of 12 U. S. C. A. sec. 91 and that, therefore, the county court was without authority to take the recognizances in question and hence no action could be maintained thereon. It should be noted that the federal statute involved in that case is the same statute upon which the dismissal of the first suit brought by the plaintiff in the case at bar against the defendant was based. Held that the county court had authority to take the recognizances in question and to render judgment for the plaintiff for costs although it was. without jurisdiction to try the cases on the merits. The recognizances were valid and enforceable against the defendant, 65 Vt. 227, 228.

The defendant cites *Hayden, Admrx.* v. *Caledonia National Bank,* 112 Vt. 30, at pages 35 and 36, 20 Atl. (2d) 675, in support of its contention that such former proceeding was not a pending action. The language of the holding as stated on page 35 and which formed the basis of the judgment in that case recognizes that first suit as one ''commenced by a writ which issued without lawful authority, . . .'' When the holding is read in connection with what is before stated in the opinion, it is clear that the statement, ''. . . nothing remains by which the court has authority to proceed in this case,'' refers to the court's lack of authority to try the case on its merits.

On page 36 of that case it is stated that, if the county court did not have jurisdiction of that action, it could not acquire jurisdiction by any ruling which it might make in some other case. This too must be read in connection with the paragraph which precedes it. It appeared that while the first suit was pending the plaintiff brought a second suit for the same cause of action. The latter was dismissed upon the defendant's motion based on the ground of another suit pending. The plaintiff claimed that this was in effect a ruling that the court had jurisdiction to try the first suit and as it was not appealed from the ruling, whether right or wrong, must stand. Thus it appears that the above mentioned statement as to jurisdiction was made in response to this contention of the plaintiff. Here again the Court was speaking of jurisdiction to try the case on the merits.

The language of P. L. 1665 infers that when a writ is abated for any cause there has been an "action commenced" within the meaning of that statute, otherwise there would be no writ to be abated.

From the foregoing it follows that the first suit brought by the plaintiff against this defendant, 112 Vt. 30, 20 Atl. (2d) 675, was for the purposes stated in *Colony* v. *Maeck,* 8 Vt. at 116, *supra,* an action pending although the court was without jurisdiction to determine the merits of that case. Therefore we hold that that suit was "an action commenced" within the meaning of P. L. 1665.

We now come to the defendant's second contention, namely, that the "so-called former writ was not abated or otherwise defeated or avoided for matter of form".

This claim requires an analysis of the provisions of P. L. 1665.

From the wording of P. L. 1665 it is to be noted that so far as here material the plaintiff is entitled to the benefits of this statute when in an action commenced his writ is abated and he is also entitled to the benefits thereof if the action is otherwise defeated or avoided by the death of a party thereto or is defeated or avoided for matter of form.

Having in mind the purpose of the statute as before stated, the reason why the words "or for matter of form" are made to qualify the words "defeated or avoided" and do not qualify the

498

words "is abated" is apparent. If a writ is abated for any cause whatever and an action is thereby terminated, there has been no determination of the merits of that case. Likewise if an action is defeated or avoided for a matter of form the merits have not been determined. But if an action is defeated or avoided for a matter of substance, then the merits have been determined and it is not the purpose of this statute to allow the bringing of a new suit when the first one has been determined on its merits.

To abate a writ is to prostrate or destroy it. Gould's Pleadings, Fourth Edition, Chapter 5, page 235, Sec. 62.

If the defect which makes the writ void appears upon the face of the process it may be taken advantage of by a plea in abatement or motion to dismiss. *Howard* v. *Walker et al.*, 39 Vt. 163, 167; *Bliss* v. *Conn. & Pas. Rivers Railroad Co.*, 24 Vt. 428, 430; Gould's Pleadings, Fourth Edition, chapter 5, page 267, sections 132, 134, and note 16.

The judgment entered in the plaintiff's first suit, namely, "Judgment reversed. The plaintiff's writ is dismissed with costs", prostrated and destroyed that writ. That is, that writ was abated within the meaning, purpose and intent of P. L. 1665.

This disposes of all questions raised by the defendant and no error is made to appear.

*Judgment affirmed and cause remanded.*