2007 ME 73

**Sarah OPPENHEIM**

v.

**Derek HUTCHINSON.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Jan. 11, 2007.
Decided: June 19, 2007.

Arthur J. Greif, Esq., Gilbert & Greif, P. A., Bangor, for plaintiff.

Debra Reece, Esq., Rudman & Winchell, Bangor, for defendant.

Panel: CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.*

Majority: CLIFFORD, ALEXANDER, CALKINS, and LEVY, JJ.

Dissent: SILVER, J.

CLIFFORD, J.

[¶ 1] Sarah Oppenheim appeals from a judgment entered in the Superior Court (Penobscot County, *Mead, J.*), pursuant to M.R. Civ. P. 12(b)(6), dismissing her complaint filed against Derek Hutchinson. The dismissal resulted from Oppenheim's failure to bring her complaint within the six-year limitations period pursuant to 14

---

* Justice Howard H. Dana Jr. participated in the initial conference but retired before this opinion was certified.

M.R.S. § 752 (2006). Oppenheim contends that the court erred as a matter of law by not extending the limitations period pursuant to the "saving statute," 14 M.R.S. § 855 (2006). Because we conclude the saving statute is inapplicable, and Oppenheim's suit was filed outside the statutory limitations period, we affirm the judgment.

[¶ 2] On July 1, 2005, Oppenheim filed a complaint in the Superior Court against Hutchinson seeking damages based on allegations that Hutchinson negligently caused an automobile collision that occurred on July 6, 1999.[1] Oppenheim did not properly serve Hutchinson within ninety days as required by M.R. Civ. P. 3, and she did not seek an extension of time to obtain service within the ninety-day time frame pursuant to M.R. Civ. P. 6(b)(2).[2] The court (*Mead, J.*) denied Oppenheim's late-filed motion for an enlargement of time within which to file return of service, and granted Hutchinson's motion to dismiss the case for failure to timely file return of service.

[¶ 3] In her appeal to this Court from the Superior Court's judgment of dismissal, Oppenheim contended that the court erred in its application of the excusable neglect standard, and that the late filing of Oppenheim's motion for enlargement of time resulted from the failure of her attorney's office procedures due to the press of other business, which, she argued, constituted good cause justifying the untimely filing of the proof of service of the summons and complaint. We rejected Oppenheim's contentions and affirmed the judgment of dismissal in a memorandum of decision. *Oppenheim v. Hutchinson* (*Oppenheim I*), Mem–06–148 (Sept. 22, 2006). We also found "unpersuasive Oppenheim's equitable argument that the case should not be dismissed because Oppenheim may never be heard on the merits due to the statute of limitations having run." *Id.*

[¶ 4] On March 2, 2006, while the appeal in *Oppenheim I* was still pending, Oppenheim filed this second complaint against Hutchinson in the Superior Court containing the same allegations. Proof of service on Hutchinson was filed with the court on April 11, 2006. Hutchinson moved to dismiss the second complaint on the ground that the second suit was not brought within the six-year statute of limitations period provided in 14 M.R.S. § 752, which period expired on July 6, 2005. The court took judicial notice of the prior proceedings and the court's judgment, and concluded that, despite Oppenheim's argument to the contrary, the "saving statute," 14 M.R.S. § 855, "does not operate to revitalize a claim which is already time barred." Therefore, the court entered judgment dismissing the case. Oppenheim then filed this appeal.

## I. DISCUSSION

[¶ 5] Oppenheim contends that her complaint is not barred by the six-year statute of limitations provided in 14 M.R.S. § 752,

---

1. This being an appeal from a dismissal pursuant to M.R. Civ. P. 12(b)(6), we view the facts in the complaint as if admitted by Hutchinson. *See Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131, ¶ 2, 909 A.2d 1010, 1011.

2. When a party seeks to commence a civil action by filing a complaint with the court, "the return of service shall be filed with the court within 90 days after the filing of the complaint. If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice." M.R. Civ. P. 3. The court, in its discretion, can enlarge the time for filing the return of service "for cause shown" and "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." M.R. Civ. P. 6(b)(2).

but rather that section 855 operates to extend the period within which to bring her lawsuit. The saving statute, entitled "Commencement of new action after failure, defeat or reversal," provides:

> When a summons fails of sufficient service or return by unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed, or the action is otherwise defeated for any matter of form, or by the death of either party the plaintiff may commence a new action on the same demand within 6 months after determination of the original action; and if he dies and the cause of action survives, his executor or administrator may commence such new action within said 6 months.

14 M.R.S. § 855.

[¶ 6] Oppenheim contends that the language in section 855 "otherwise defeated for any matter of form," applies to this case when her complaint was dismissed for failure of service of process because the court never had personal jurisdiction over Hutchinson. We disagree.

[¶ 7] Statutory interpretation is an issue of law that we review de novo. *Yeadon Fabric Domes, Inc. v. Me. Sports Complex, LLC,* 2006 ME 85, ¶ 13, 901 A.2d 200, 205. "The primary goal of statutory interpretation is to give effect to the intention of the Legislature." *Id.* We first look to the plain meaning of the statute to determine that intent, and "[o]nly if the statutory language is ambiguous do we go beyond the plain meaning and look at the legislative history." *Id.*

[¶ 8] The failure to file a proof of service of a summons was not a defect in form that was curable at the time the first action was dismissed. We have concluded that when there has been insufficient service of process, the court never had per-

sonal jurisdiction over a defendant, *see Fries v. Carpenter,* 567 A.2d 437, 439 (Me. 1989), but we have never held that such a lack of personal jurisdiction is equivalent to a defect in form pursuant to the saving statute as Oppenheim contends. In several early decisions we concluded that the saving statute then in effect did *not* apply to matters dismissed for lack of personal jurisdiction. *See Densmore v. Hall,* 109 Me. 438, 440–41, 84 A. 983, 984 (1912) (holding that the saving statute did not apply when there was a defect in the writ because it was not made returnable according to law); *Donnell v. Gatchell,* 38 Me. 217, 219 (1854) (holding that when a case was dismissed for lack of personal jurisdiction because it was incorrectly commenced and made returnable in Lincoln County, instead of Cumberland County, dismissal was not for a matter of form within the meaning of the saving statute). Accordingly, in *Oppenheim I,* the dismissal of Oppenheim's first complaint for the failure to file return proof of service within the ninety-day period was not attributable to a "matter of form" within the meaning of 14 M.R.S. § 855.

[¶ 9] Nor can any other language of section 855 be construed as applying to this case. The plain language of the statute reveals a legislative intent that the saving statute apply when there has been a failure of service of process, but only when that failure is due to "unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed." 14 M.R.S. § 855. If the phrase, "or the action is *otherwise* defeated for any matter of form," were interpreted to include insufficient service of process for reasons *other* than those specifically enumerated in the statute, i.e., unavoidable accident, default, or negligence of the officer to whom it was delivered, then the phrase regarding insufficient service would

be surplusage. 14 M.R.S. § 855 (emphasis added). "[I]t is well established that '[n]othing in a statute may be treated as surplusage if a reasonable construction supplying meaning and force is otherwise possible.'" *Struck v. Hackett,* 668 A.2d 411, 417 (Me.1995) (quoting *Labbe v. Nissen Corp.,* 404 A.2d 564, 567 (Me.1979)).

[¶ 10] Oppenheim's complaint was dismissed for failure of service of process, *not* related to unavoidable accident, default, or negligence of the officer to whom it was delivered. Moreover, the dismissal was not "for any matter of form" pursuant to 14 M.R.S. § 855. Accordingly, the Superior Court properly dismissed Oppenheim's second suit because it was filed outside of the statutory limitations period, 14 M.R.S. § 752.[3]

The entry is:

Judgment affirmed.

SILVER, J., dissenting.

[¶ 11] I respectfully dissent. I would find that pursuant to the saving statute, 14 M.R.S. § 855 (2006), Oppenheim's complaint is not time barred. The plain language of the statute applies to the present case.

[¶ 12] The saving statute provides:

When a *summons fails of sufficient service or return by unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed, or the action is otherwise defeated for any matter of form,* or by the death of either party the plaintiff may commence a new action on the same demand within 6 months after determination of the original action; and if he dies and the cause of action survives, his executor or administrator may commence such new action within said 6 months.

14 M.R.S. § 855 (emphasis added).

[¶ 13] Using the canon of interpretation of surplusage, the Court concludes that the saving statute must be limited to those situations it specifically lists. The Court reasons that if the phrase "or the action is otherwise defeated for any matter of form" applies to situations other than those specifically enumerated, the listed reasons would cease to have meaning.

[¶ 14] In adopting this construction, however, the Court falls on its own sword; its reasoning clearly renders as surplusage the phrase "or the action is otherwise defeated for any matter of form." To be true to the canon of interpretation that affords all words in the statute meaning, this phrase must not be erased. If the Legislature had meant the statute to apply solely to situations involving an unavoidable accident, default, or negligence of the officer to whom it was delivered, the statute would not have included immediately thereafter a phrase that can only be interpreted as extending the statute's coverage beyond what it specifically enumerated.

[¶ 15] By ignoring the phrase "any matter of form," the Court adopts a construction of the saving statute that is contradicted by well over one hundred years of precedent in multiple other courts. Three of our sister courts, Massachusetts, Vermont, and Connecticut have interpreted

---

**3.** In her reply brief, Oppenheim raises for the first time the issue of the applicability of common law tolling principles pursuant to our decisions in *Thomas v. Thompson,* 653 A.2d 417, 420 (Me.1995); *Fries v. Carpenter,* 567 A.2d 437 (Me.1989); and *Duddy v. McDonald,* 148 Me. 535, 97 A.2d 445 (1953). Even if Oppenheim had properly preserved this issue for appeal, *see Berg v. Bragdon,* 1997 ME 129, ¶ 9, 695 A.2d 1212, 1214, the cases cited do not stand for the proposition that principles of common law will toll the statute of limitations in this instance.

virtually the same statute. *See* CONN. GEN. STAT. § 52–592(a) (2005); MASS. GEN. LAWS ch. 260, § 32 (2004); *Hayden v. Caledonia Nat'l Bank*, 112 Vt. 491, 28 A.2d 389, 390 (1942) (interpreting an earlier version of VT. STAT. ANN. tit. 12, § 558 (2002), which mirrored the current version of Maine's saving statute). These statutes originated from the English Limitation Act of 1623. *Hayden*, 28 A.2d at 390.

[¶ 16] Having common origin and language, each state's saving statute has been interpreted in a similar manner. Courts have construed the statute as remedial in nature and therefore interpreted the statute broadly. *See, e.g., Corliss v. City of Fall River*, 397 F.Supp.2d 260, 266 n. 2 (D.Mass.2005); *Lacasse v. Burns*, 214 Conn. 464, 572 A.2d 357, 360 (1990); *Spear v. Curtis*, 40 Vt. 59, 66 (1867). Chief Justice Shaw of the Supreme Judicial Court of Massachusetts noted that the statute:

> declares that where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by a suit within a year.

*Coffin v. Cottle*, 33 Mass. (16 Pick.) 383, 386 (1835). The Court's interpretation of the saving statute is severely limiting, not broad, and contradicts the statute's purpose.

[¶ 17] Better effecting the purpose of the saving statute, our sister courts have determined that the saving statute applies to a plaintiff who had her claim dismissed as a matter of form. *See, e.g., Lacasse*, 572 A.2d at 362; *Loomer v. Dionne*, 338 Mass. 348, 155 N.E.2d 411, 413 (1959); *Hayden*, 28 A.2d at 392. These cases do not confine "matter of form" to mean simply what the specific statutes list (i.e. unavoidable acci-

dent, default, etc.) but recognize the independent meaning of the phrase. *See id.* The manner in which three states have long interpreted virtually the same statute at issue here, belies the Court's determination that interpreting "any matter of form" to mean anything other than what the saving statute specifically lists would render the listed inclusions superfluous. Interpreting very similar language, the courts of Connecticut, Massachusetts, and Vermont have interpreted the phrase "any matter of form" broadly and have done so without stripping the listed inclusions of their meaning.

[¶ 18] For example, to determine whether a dismissal is a matter of form, Massachusetts courts have inquired into whether the defendant had actual notice within the original statute of limitations period that the plaintiff had initiated an action. *Liberace v. Conway*, 31 Mass.App.Ct. 40, 574 N.E.2d 1010, 1013 (1991). This inquiry presupposes that the dismissal was not on merits. *Id.*

[¶ 19] I would find that this approach matches the plain language and intent of the saving statute much more closely than the Court's. It provides meaning to all the words of the statute and a workable framework to determine whether an action has been dismissed "for any matter of form."

[¶ 20] I would further find that Hutchinson's insurance carrier, Concord, had been engaged in numerous communications with Oppenheim's attorney, and knew, before the complaint was filed, that Oppenheim was going to file an action against Hutchinson. The claim adjusters even periodically contacted Oppenheim's attorney to inform him of the statute of limitations deadline. Albeit after the statute of limitations, it should have been no surprise to Concord that a complaint had been filed against Hutchinson.

[¶ 21] Accordingly, I would find that Oppenheim was entitled to renew her claim against Hutchinson within the six-month statute of limitations provided by the saving statute.