

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-104

APPLE VALLEY GOLF COURSE, )
INC. )
     Plaintiff, )
v. )
 )
APPLE VALLEY GOLFERS CLUB, )
INC. )
     and )
 )
LINDA KELLEY )
 )
     Defendants. )

ORDER ON DEFENDANT'S
MOTIONS TO ENLARGE TIME AND
FOR SUMMARY JUDGMENT

JUN 26 '17 PM3:40
ANDRO SUPERIOR COUR

Before the court, are Defendant Linda Kelley's motions for summary judgment, and for the enlargement of time to file her reply to Plaintiff's objection to her summary judgment motion. For the following reasons, this court denies her motions.

I.    Background

On March 1, 2013, Plaintiff Apple Valley Golf Course, Inc. and Apple Valley Golf Club, Inc. ("The Club") entered into an agreement whereby The Club would lease the golf course, pro shop, and equipment, and operate food and beverage services. (Compl. ¶ 6.) Whether this lease also bound Defendant Linda Kelley, individually, is an issue of the motion for summary judgment. (Supp.'g S.M.F. ¶ 4.) On August 19, 2016 (amended March 6, 2017), Plaintiff filed a complaint against The Club and Kelley for: (I) breach of contract, (II) promissory estoppel, (III) quantum meruit, and (IV) unjust enrichment. In March 2017, Plaintiff and the defendants jointly signed a Stipulation for Docket Entry Granting Plaintiff Judgment in a forcible entry and detainer (FED) action. On March 9, 2017, Defendant Kelley filed a motion for summary judgment asking the court to dismiss the claims against her individually, and on March 29, 2017, Plaintiff opposed.

On April 11, 2017, Defendant Kelley replied, and then on April 19, 2017, she filed a motion to enlarge the time for that filing. On May 10, 2017, Plaintiff filed an opposition to the motion for enlargement of time, and on May 17, 2017, Defendant Kelley replied.

II.     Standard of review

a.     *Enlargement of time*

The court, in its discretion, may allow an enlargement of time after the specified period permitted for an act has passed where the failure to act was the result of excusable neglect. M.R. Civ. P. 6(b)(2). The standard is a strict one, where the movant is expected to show sufficient special facts to support that its failure to act within the time prescribed should be excused. *Portland v. Gemini Concerts*, Inc., 481 A.2d 180, 182 (Me. 1984). Excusable neglect will be found only when there are extraordinary circumstances that work an injustice. *e.g., Gregory v. City of Calais*, 2001 ME 82, ¶¶ 10-11, 771 A.2d 383.

b.     *Summary judgment*

Summary judgment is appropriate, if based on the parties' statement of material facts and the cited record, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A. 2d 733; *Dyer v. Dep't of Transport.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "[A] fact is material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. When deciding a motion for summary judgment, the court reviews the materials in the light most favorable to the non-moving party. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. The court will consider "only the portions of the record referred to, and the material facts set forth in the [M.R. Civ. P. 56(h)] statements." *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646 (internal quotation marks omitted). The party opposing a summary judgment must

point to specific facts showing that a factual dispute does exist in order to avoid a summary judgment. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897.

II.     Discussion

*a.      Motion for enlargement of time*

Defendant Kelley argues that she committed excusable neglect because: (1) she received notice by mail on March 31, 2017 of Plaintiff's March 29, 2017 filing; (2) notice by mail would entitle her to reply by April 10 (7 days under M.R. Civ. P. 7(e) plus an extra 3 days under M.R. Civ. P. 6(c)); and (3) she mistakenly calendared the due date as April 11. (Def.'s Mot. for Enlargement of Time 1-2.) Furthermore, she argues that Plaintiff suggested in a March 27, 2017 email they would not file an opposition to Defendant Kelley's motion for summary judgment by the initial due date (March 29, 2017. (Def.'s Reply to Pl.'s Opp. To Def.'s Mot. for Enlargement of Time 1.)

Maine Rule of Civil Procedure 6(c) applies to service by mail, not to the filing of pleadings, such that Defendant Kelley had five days (until April 5, 2017) after learning of Plaintiff's filing to timely reply. The press of other business during that interval did not absolve her from complying with procedural rules. *Oppenheim v. Hutchinson*, 2007 ME 73, ¶ 3, 926 A.2d 177. She also could have requested extra time prior to the filing deadline. M.R. Civ. P. 6(b)(1). Her misreading the rules, mis-calendaring, and failure to proactively request additional time do not support a finding of excusable neglect.

*b.      Motion for summary judgment*

1.      Breach of contract

Defendant Kelley argues that the only contract was the lease signed between Plaintiff and The Club. (Def.'s Mot. Summ. J. 1.) Plaintiff argues that Defendant Kelley made personal guarantees, and that the FED judgment modified the lease to make her personally liable. (Opp'n to Mot. Summ. J. 1-2.)

To demonstrate that parties had a legally binding contract, a plaintiff must establish that there was a meeting of the minds between the parties—or "mutual[] assent to be bound by all [the] material terms" of the contract. *Tobin v. Barter*, 2014 ME 51, ¶ 9, 89 A.3d 1088; *Sullivan v. Porter*, 2004 ME 134, P 13, 861 A.2d 625. "The existence of an agreement, involving as it does so intricately the conduct of the parties, is appropriately a question for the trier of fact." *Agway, Inc. v. Ernst*, 394 A.2d 774, 777 (Me. 1978). Plaintiff asserts that Defendant Kelley made personal guarantees (committed personal cash reserves to periods of negative cash flow) in discussions prior to the signing of the lease, and that she did, indeed, pay debts from a personal account. (Opp. Add'l S.M.F. ¶ 5; Opp. S.M.F. ¶ 6); *cf. Smith v. Cannell*, 1999 ME 19, ¶ 8, 723 A.2d 876. Plaintiff asserts that the FED judgment, which was signed by both "Linda Kelley, Defendant" and "Linda Kelley, President and Duly Authorized Agent for Apple Valley Golfers Club Inc., Defendant," expressly amended the lease contract to make her personally liable for unpaid rent, such that her personal failure to pay would be a breach (Opp. S.M.F. ¶ 3); *cf. Smith*, 1999 ME 19, ¶ 8, 723 A.2d 876. Therefore, Plaintiff has raised genuine issue of material fact whether Defendant Kelley's non-payment of rent is a breach of contract.

2.      Promissory estoppel

Defendant Kelley argues that the claim for promissory estoppel should fail because the lease controlled all the interactions between the parties. (Def.'s Mot. Summ. J. 3.) The doctrine of promissory estoppel sets forth that a promisor can be bound if they should have reasonably expected their promise to induce action or forbearance, and the promisee then relied on that promise to his subsequent detriment. *Chapman v. Bomann*, 381 A.2d 1123, 1127 (Me. 1978). Here, Plaintiff alleges that Defendant Kelley promised to cover periods of negative cash flow with personal reserves, and that Plaintiff would

not have signed the lease without this personal guarantee. (Opp. Add'l S.M.F. ¶¶ 5, 18.) Therefore, Plaintiff has raised a genuine issue of material fact as to whether a Defendant Kelley can be personally bound by promises she made that were reasonably relied upon by Plaintiff now seeking, *inter alia*, unpaid rent.

3.   Quantum meruit

Defendant Kelley argues that the claim for quantum meruit should fail because the lease contract controlled all the interactions between the parties. (Def.'s Mot. Summ. J. 3.) The doctrine of quantum meruit allows for recovery of a reasonable sum of money not stipulated in a legally enforceable contract, where: 1) services or materials were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment. *Smith v. Cannell*, 1999 ME 19, ¶ 12, 723 A.2d 876; *Paffhausen v. Balano*, 1998 ME 47, ¶¶ 6-10, 708 A.2d 269. Here, Plaintiff alleges to have provided materials to Defendant Kelley in the form of a golf course, buildings, and equipment. (Opp. Add'l S.M.F. ¶ 3; Compl. ¶ 6.) Plaintiff alleges that Defendant Kelley personally approached Plaintiff about a lease agreement, which supports her consent to the provision of materials, and that it was reasonable for Plaintiff to expect Defendant Kelley to pay for these materials even if the corporation was not making money where she had allegedly committed personal funds to the venture. (Opp. S.M.F. ¶ 1; Opp. Add'l S.M.F. ¶ 5.) Therefore, Plaintiff has raised a genuine dispute over material facts that would support a claim for an implied contract under quantum meruit.

4.   Unjust enrichment

Defendant Kelley argues that the claim for unjust enrichment should fail because the claim duplicates the promises of the lease. (Def.'s Mot. Summ. J. 3.) Unjust enrichment describes recovery for the value of the benefit retained when there is no

contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay. *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269. Damages in unjust enrichment are measured by the value of what was inequitably retained. *Id.* ¶ 7. Here, as described above, there is a genuine dispute over whether there was a contractual relationship between Plaintiff and Defendant Kelley, and Plaintiff alleges that Defendant Kelley is personally responsible for rent in return for the benefit of using the golf course. Therefore, Plaintiff has raised a genuine dispute over material facts that would support a claim for unjust enrichment.

IV.    Conclusion

Defendant Kelley's motions for enlargement of time and summary judgment are DENIED.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: June 26, 2017

MaryGay Kennedy
Justice, Superior Court

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No   AUBSC-CV-2016-00104

Attorney for: APPLE VALLEY GOLF COURSE INC
JASON DIONNE  - RETAINED
ISAACSON & RAYMOND
75 PARK STREET
PO BOX 891
LEWISTON ME 04243-0891

**DOCKET RECORD**

vs
APPLE VALLEY GOLFERS CLUB INC - DEFENDANT

Attorney for: APPLE VALLEY GOLFERS CLUB INC
JOHN CONWAY  - RETAINED 09/08/2016
LINNELL CHOATE & WEBBER LLP
83 PLEASANT STREET
PO BOX 190
AUBURN ME 04212-0190

LINDA KELLEY  - DEFENDANT

Attorney for: LINDA KELLEY
JOHN CONWAY  - RETAINED 09/08/2016
LINNELL CHOATE & WEBBER LLP
83 PLEASANT STREET
PO BOX 190
AUBURN ME 04212-0190

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 08/19/2016

## Docket Events:

08/19/2016 FILING DOCUMENT - COMPLAINT FILED ON 08/19/2016

08/19/2016 Party(s):  APPLE VALLEY GOLF COURSE INC
          ATTORNEY - RETAINED ENTERED ON 08/19/2016
          Plaintiff's Attorney: JASON DIONNE

09/01/2016 Party(s):  APPLE VALLEY GOLFERS CLUB INC
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/25/2016
          APPLE VALEY GOLFERS CLUB THROUGH CAROL MONTANA

09/01/2016 Party(s):  APPLE VALLEY GOLFERS CLUB INC
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 09/01/2016

09/01/2016 Party(s):  LINDA KELLEY
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/22/2016
          LINDA KELLEY

09/01/2016 Party(s):  LINDA KELLEY
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 09/01/2016

09/13/2016 Party(s):  APPLE VALLEY GOLFERS CLUB INC,LINDA KELLEY
          RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 09/08/2016