**Robert F. COLQUHOUN et al.**

**v.**

**Nelson WEBBER et al.**

Supreme Judicial Court of Maine.

Argued Jan. 22, 1986.

Decided Feb. 26, 1986.

James W. Gallagher, (orally), Damariscotta, for plaintiff.

R. James Davidson, (orally), Waldoboro, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

In this action for trespass between the owners of neighboring real estate near Round Pond in Bristol, defendants appeal the $300 judgment entered in favor of plaintiffs by the Superior Court (Lincoln County) on the report of a referee. The only questions argued on appeal involve the legal status of the so-called Dan Coates road. However, we have no occasion to reach and decide those questions. Since this damage action can now be completely resolved without adjudicating those legal issues, we decline to go further than the necessities of this case.

This is a trespass action, and not a real action. According to their complaint, plaintiffs' sole objective is to recover compensatory damages for injury allegedly done in

the past to land they claimed to own. The referee, a retired justice of this court, warned the parties that his determination of plaintiffs' trespass claim would not establish title to the disputed land as would a judgment in a real action. *See Kimball v. Hilton,* 92 Me. 214, 220–21, 42 A. 394, 396–97 (1898). Despite that clear warning, neither side in this trespass suit saw fit to amend the pleadings to pray for a determination of title. *Cf. Grant v. Warren Bros. Co.,* 405 A.2d 213, 219–21 (Me.1979) (trespass complaint amended to add count and prayer for relief addressed specifically to ownership of land in dispute).

At oral argument defendants' counsel declared that his clients stood ready to pay plaintiffs the $300 (plus, of course, the associated interest and costs) for damage done to land admittedly owned by plaintiffs, and that they had taken the appeal only out of a fear of possible collateral estoppel consequences at some indefinite time in the future of the referee's determination that the Dan Coates road had never legally existed. Defendants, however, are not now asserting any intention or desire in fact to use the Dan Coates road. Furthermore, the object of plaintiffs' action, as limited by their complaint—namely, to recover compensatory damages for alleged past injury—is fully satisfied upon defendants' payment of $300 to them since plaintiffs have taken no appeal from the amount of the damage award. Thus, for the purposes of this trespass action the argument over the legal status of the Dan Coates road has become an academic exercise of no present, direct consequence to the parties. In these circumstances, we must refrain from deciding more than is necessary for the final disposition of this trespass action. "[T]he Law Court decides only questions of live controversy, and not hypothetical, abstract, or moot questions." *Sevigny v. Home Builders Association of Maine,* 429 A.2d 197, 201 (Me.1981).

Accordingly, we affirm the $300 judgment in favor of plaintiffs, solely on the basis of the coincident circumstances (1)

that plaintiffs accept that amount of damages as adequate compensation for the trespassory injury they claim to have suffered and (2) that defendants are prepared to pay that sum for damage done to land they admit plaintiffs own. Any declaration by the referee as to the Dan Coates road is entirely unnecessary to this present final judgment in this trespass action and therefore can have no preclusive effect in any future litigation between the parties. *See Restatement (Second) of Judgments* § 27 (1982) (issue preclusion exists only if "the determination is essential to [a valid and final] judgment").

The entry is:

Judgment affirmed.

All concurring.