**In re LISA P.**

Supreme Judicial Court of Maine.

Argued June 12, 1986.

Decided July 8, 1986.

James E. Tierney, Atty. Gen., Christopher Leighton, (orally), John H. Hawkes, Asst. Atty. Gen., Augusta, Fenton, Chapman, Fenton, Smith & Kane Douglas Chapman, (orally), Bar Harbor, for mother.

Brown, Tibbetts, Churchill & LaCasse, Daniel L. LaCasse, (orally), John A. Mitchell, (orally), Calais, Guardian Ad Litem.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

On January 28, 1986, in consolidated proceedings under the Child Protection Act, the District Court (Calais) entered judgment 1) terminating Marjorie W.'s parental rights to her seven-year-old daughter, Lisa P., who had been in the custody of the Department of Human Services (Department) since August of 1984, and 2) ordering the return of Lisa to the custody of her maternal grandparents, who had cared for her during the first 4½ years of her life. The Department and the mother took timely appeals from that judgment to both the Law Court and the Superior Court (Washington County). Their appeals to the Superior Court from the District Court order are still pending in that court.

By the express terms of 22 M.R.S.A. § 4006 (Supp.1985), the part of the District Court order that terminated the mother's parental rights—and only that part—is directly appealable to the Law Court. Since the Department prevailed in the District Court on that issue and so is not aggrieved by the District Court termination decision, its appeal to this court must be dismissed. *Id.* ; *see generally* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 72.2a (2d ed. Supp.1981). On her appeal to the Law Court, the mother, who was aggrieved by the District Court's termination order, does not, however, assert any reversible error therein. Accordingly, we deny her appeal.

Also pending concurrently before us is the Department's appeal from a writ of habeas corpus issued in February 1986 by the Superior Court (Washington County) ordering the Department to release Lisa to the custody of her maternal grandparents. The Department, in compliance with that writ of habeas corpus, promptly turned custody of Lisa over to the grandparents. The Department now points out that even if this court on this appeal should vacate the Superior Court's order issuing the writ,

Lisa will continue to remain with her grandparents pursuant to the District Court's custody order of January 28, 1986. That order now pending on appeal before the Superior Court was never stayed by the District Court. It remains in full force and effect since there is no automatic stay of a custody order pending appeal. *See* M.D.C. Civ.R. 62(a). Thus, to debate the Department's claim that the Superior Court erred in granting the writ of habeas corpus to enforce the District Court's custody order is "an academic exercise of no present direct consequence to the parties." *Colquhoun v. Webber*, 505 A.2d 794, 795 (Me. 1986). We therefore decline to express an opinion on that issue since "the Law Court decides only questions of live controversy, and not hypothetical, abstract, or moot questions." *Sevigny v. Home Builders Association of Maine, Inc.*, 429 A.2d 197, 201 (Me.1981). The ultimate resolution of the dispute between the Department and the grandparents over Lisa's custody can come only through the appellate review by the Superior Court of the January 28, 1986, custody order, followed if necessary by appeal by either party to this court. In the meantime, no purpose is served by this court's passing on the validity of the habeas corpus order. The Superior Court's review of that custody order, in exercise of its exclusive jurisdiction under 22 M.R.S.A. § 4006, should proceed without delay.

The entries are:

The Department of Human Services' appeal from the District Court is dismissed.

On the mother's appeal, the District Court order terminating her parental rights is affirmed.

The Department of Human Services' appeal from the Superior Court's order granting the writ of habeas corpus is dismissed.

All concurring.