MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2014 ME 88
Docket:      Ken-13-436
Argued:      May 14, 2014
Decided:     July 1, 2014

Panel:       SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

GLEN C. HARRINGTON III

v.

STATE OF MAINE

JABAR, J.

[¶1]  Glen C. Harrington III appeals from a judgment entered in the Superior Court (Kennebec County, *Anderson, J.*) summarily dismissing his petition for post-conviction relief.  *See* 15 M.R.S. § 2131(1) (2013); M.R. App. P. 19(a). Harrington argues that the court erred in determining that a decision by the Department of Corrections to limit the availability of transition-plan programs and related good-time credits was a "calculation[]" of good-time credits excluded from the scope of post-conviction review pursuant to 15 M.R.S. § 2121(2) (2013).  We affirm the judgment.

I.  BACKGROUND

[¶2]  In August 2012, Harrington pleaded guilty to one count of eluding an officer (Class C), 29-A M.R.S. § 2414(3) (2013), admitted to violating the conditions of his probation, 17-A M.R.S. § 1206(5) (2013), and was sentenced to

2

forty-eight months' imprisonment. After his sentencing, the Department sent Harrington a letter informing him that he was eligible to receive up to seven days per month of good-time credits for good conduct and participation in certain programs. Additionally, the Department informed him that in the last year of his sentence, he would be eligible to receive an additional two days per month for participation in transition-plan programs pursuant to 17-A M.R.S. § 1253(10)(B) (2013). *See also* 1A C.M.R. 03 201 010-51 § 27.3(VI)(B)(1)(b) (Aug. 21, 2006). Because Harrington believes that he would be eligible to receive the additional two days of good time for the entire duration of his sentence, he filed a petition for post-conviction review seeking the two additional days associated with transition-plan programs.

[¶3] Although 15 M.R.S. §§ 2121(2) and 2123-A (2013) provide that "calculations of good time . . . credits" are not reviewable in post-conviction proceedings, Harrington argued that his post-conviction petition did not challenge a "calculation[]" of the credits, but instead challenged the Department's policy of making the credit available to only those inmates with one year or less remaining in their sentences. The post-conviction court disagreed with Harrington's characterization and summarily dismissed his petition. *See* 15 M.R.S. §§ 2121(2), 2123-A; M.R. Crim. P. 70(b) (Tower 2013).

[¶4]  Harrington timely appealed.  *See* M.R. App. P. 2(b)(2)(A).  We granted his petition for a certificate of probable cause to address the merits of his appeal on the sole issue of "[w]hether the court erred in concluding that [the] decision of the Department of Corrections . . . is a 'calculation' of good time credits excluded from the scope of post-conviction review pursuant to 15 M.R.S. § 2121(2)."

## II.  DISCUSSION

[¶5]  Harrington argues that the court erred in interpreting the Department's policy as a "calculation[]" of good-time credits, excluded from the scope of post-conviction review pursuant to 15 M.R.S. §§ 2121(2) and 2123-A.  "Statutory interpretation is a matter of law, and we review the trial court's decision *de novo*." *State v. Harris*, 1999 ME 80, ¶ 3, 730 A.2d 1249 (quotation marks omitted).  In interpreting statutory language, our primary purpose is to "giv[e] effect to the intent of the Legislature." *Joyce v. State*, 2008 ME 108, ¶ 7, 951 A.2d 69.  "We seek to discern from the plain language [of the statute] the real purpose of the legislation, avoiding results that are absurd, inconsistent, unreasonable, or illogical." *State v. Fournier*, 617 A.2d 998, 999 (Me. 1992).  If the statutory language is clear and unambiguous, we construe the statute in accordance with its plain meaning "in the context of the whole statutory scheme." *State v. Stevens*, 2007 ME 5, ¶ 5, 912 A.2d 1229 (quotation marks omitted).  Only if the statute is

4

reasonably susceptible to different interpretations will we look beyond the statutory language to the legislative history. *Id.*

[¶6] The post-conviction statute provides that an inmate "who satisfies the prerequisites of [15 M.R.S. § 2124 (2013)] may . . . [challenge a] post-sentencing proceeding [that] is unlawful." 15 M.R.S. § 2125 (2013). In relevant part, section 2121(2) defines a "post-sentencing proceeding" as "a court proceeding or administrative action occurring during the course of and pursuant to the operation of a sentence that affects whether there is incarceration or its length." The definition also specifically provides a list of administrative proceedings that do not fall within the definition of post-sentencing proceedings, including "calculations of good time and meritorious good time credits pursuant to Title 17-A, section 1253, subsections 3, 3-B, 4, 5 and 7 *or similar deductions under Title 17-A, section 1253, subsections 8, 9 and 10.*" (Emphasis added.) Harrington makes two arguments in assigning error to the court's interpretation of the term "calculation[]" in the post-conviction statute.

A.    Plain Meaning

[¶7]    First, Harrington argues that the plain meaning of the term "calculation[]" encompasses the act of computing the number of days for which an inmate is eligible but not the broader act of determining whether an inmate is eligible for a program at all. Harrington's argument is not persuasive.

[¶8]  To limit the meaning of the term "calculation[]" so as to exclude the administrative action at issue here, as Harrington urges, would result in the post-conviction court directly reviewing the discretionary acts of the Department without affording the Department the opportunity to first review the inmate's grievance.  *See* 15 M.R.S. § 2123-A (stating that review of administrative proceedings that are not "post-sentencing proceedings" is exclusively provided by the Maine Administrative Procedure Act); 1A C.M.R. 03 201 010-53–57 § 29.1 (2012) (providing a process for review of prisoners' grievances).  The Department's decision whether inmates are eligible for certain programs involves a similar level of discretion as a decision whether an inmate's performance in a program should warrant good-time credits, which is entitled to deference by a reviewing court.[1]  *See FPL Energy Me. Hydro LLC v. Dep't of Envtl. Prot.*, 2007 ME 97, ¶ 11, 926 A.2d 1197 ("[W]hen a dispute involves an agency's interpretation of a statute it administers, the agency's interpretation, although not conclusive, is entitled to great deference and will be upheld unless the statute plainly compels a contrary result." (quotation marks omitted)).  Because the statute specifically provides that the Department's calculations of good-time credits are reviewable exclusively through the Maine Administrative Procedure Act, *see*

---

[1]  Although Harrington has not directly presented the issue in this appeal, in *Roderick v. State*, we concluded that the Department's policy of limiting transition-plan programs and the associated two-day good-time credit to only those inmates with less than one year remaining in their sentences comports with 17-A M.R.S. § 1253(10)(B) (2013).  2013 ME 34, ¶¶ 12-18, 79 A.3d 368.

6

15 M.R.S. §§ 2121(2), 2123-A, we conclude that the statute supports the post-conviction court's interpretation and reject Harrington's argument that the court erred in interpreting the statute's plain meaning.

B.   Statutory Context

[¶9]   Second, Harrington argues that the court erred in interpreting the statute as a whole.  Harrington contends that because the Legislature mandated that post-conviction proceedings are to be the "comprehensive" and "exclusive" method of review of post-sentencing proceedings, it must also have intended that the exceptions to post-sentencing proceedings, including "calculations" of good-time credits, would be construed narrowly.  *See* 15 M.R.S. § 2122 (2013).  However, Harrington's interpretation of section 2122 leads to a result that is inconsistent with the post-conviction statute as a whole.  *See Fournier*, 617 A.2d at 999.

[¶10]   Pursuant to 15 M.R.S. § 2123-A, review of administrative proceedings "that are not included in the definition of 'post-sentencing proceeding' in section 2121, subsection 2 is *exclusively* provided by [the Maine Administrative Procedure Act]."   (Emphasis added.)   In describing both post-conviction proceedings and administrative proceedings as "exclusive," the Legislature did not intend one to be read more broadly than the other.  Rather, the Legislature intended to create two entirely separate methods of review, dependent on whether an

inmate's grievance involved a "post-sentencing proceeding," or whether it involved a separate administrative action listed in section 2121(2). *See* 15 M.R.S. §§ 2122, 2123-A.

[¶11] Further, to the extent that the term "calculation[]" is ambiguous, the legislative history of section 2121(2) supports construing "calculation[]" to encompass the Department's decision at issue. In 2012, the Legislature enacted the relevant amendments to the post-conviction statute, adding a list of administrative actions that are excluded from post-conviction review and are reviewable only through the Maine Administrative Procedure Act. *See* P.L. 2011, ch. 601, §§ 3, 6 (effective Aug. 30, 2012) (codified at 15 M.R.S. §§ 2121(2), 2123-A). In its summary accompanying the legislative changes, the Legislature explained that "[c]urrent administrative remedies provide for an adequate hearing process . . . for remedial relief for errors in calculations of good time . . . deductions, making access to post-conviction review relief unnecessary and duplicative." L.D. 1861, Summary (125th Legis. 2011). Harrington does not argue that he is unable to challenge the Department's decision through review of the agency's action pursuant to the Maine Administrative Procedure Act. *See generally* 5 M.R.S. § 11001 (2013).

[¶12] In contrast, post-conviction review is available for determinations of the credit pursuant to 17-A M.R.S. § 1253(2) (2013) for time served in custody

before or during an inmate's trial or sentencing. In drawing the distinction between "calculations" of good-time credits for which post-conviction review is unavailable and the sentence reductions "relative to time detained" in section 1253(2), the Legislature considered whether the decision to reduce an inmate's sentence involved the discretion of the Department of Corrections. "Calculations" of good-time credits involve the Department's discretion in either determining whether an inmate's participation in a specific program has merited good-time credit or, as is the case here, whether and when to offer a program. *See* L.D. 1861, Summary (125th Legis. 2011). Conversely, the Legislature noted that sentence reductions pursuant to section 1253(2) are based "upon a statement from either the transporter of the prisoner or the attorney for the State," regarding how much time the inmate has served before sentencing and do not involve the Department's discretion. L.D. 1861, Summary (125th Legis. 2011). Inmates challenging the calculations of the State's attorney or the transporter cannot petition for review of the Department's final agency action pursuant to the Maine Administrative Procedure Act. As a result, the nondiscretionary reduction "relative to time detained" does not require deference by the court, and constitutes a post-sentencing proceeding pursuant to 15 M.R.S. § 2121(2).

[¶13] Because nothing precludes Harrington from seeking administrative relief and review of the Department's action pursuant to the Maine Administrative

Procedure Act, *see* 5 M.R.S. § 11001, and because the statute supports the court's interpretation, we conclude that the court did not err in construing the Department's decision as a "calculation[]" of good-time credits and dismissing Harrington's petition.

The entry is:

Judgment affirmed.

---

**On the briefs:**

James T. Lawley, Esq., Lipman & Katz, P.A., Augusta, for appellant Glen C. Harrington

Maeghan Maloney, District Attorney, and Fernand LaRochelle, Dep. Dist. Atty., Augusta, for appellee State of Maine

**At oral argument:**

James T. Lawley, Esq., for appellant Glen C. Harrington

Diane E. Sleek, Asst. Atty. Gen., Office of Attorney General, Augusta, for appellee State of Maine

Kennebec County Superior Court docket number CR-2013-623
FOR CLERK REFERENCE ONLY