STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-0313

HEARTS WITH HAITI, INC.
and MICHAEL GEILENFELD,

Plaintiffs

v.

ORDER

PAUL KENDRICK,

REC'D CUMB CLERKS OFC
JUN 6 '19 PM 3:46

Defendant

Before the court is plaintiffs' motion for protective order. For the following reasons, the motion is moot.

Procedural Background

On April 10, 2019, defendant's attorney filed an application for civil out-of-state subpoena. (Pls.' Mot. for Protective Order Ex. A.) On April 12, 2019, defendant's attorneys enclosed four third-party Maine subpoenas dated April 8, 2019 in an e-mail to plaintiffs' attorneys. (Pls.' Mot. for Protective Order Ex. E.) Defendants' attorneys stated that defendant intended to serve subpoenas to produce documents on, among other entities, Iowa State Bank by process in Iowa. (Pls.' Mot. for Protective Order Ex. E.) The date of the production was May 6, 2109. (Pls.' Mot. for Protective Order Ex. E.) Defendant's attorneys did not provide the court or docket number. (Pls.' Mot. for Protective Order Ex. E.)

On April 15, 2019, the subpoena was served on Iowa State Bank. (Def.'s Ex. B.) On April 16, 2019, defendant's attorney sent plaintiffs' attorney receipt of service, which included the docket number for the Iowa District Court, Kossuth County. (Def.'s Ex. B.) On April 17, 2019,

Iowa State Bank produced the subpoenaed documents to defendant's attorneys. (Pls.' Reply Ex. I, ¶ 7.)

On May 6, 2019, plaintiffs filed a motion to quash non-party foreign subpoena issued to Iowa State Bank. (Pls.' Reply Ex. I.) On May 13, 2019, the Iowa District Court sustained plaintiff's Motion to Quash. (Pls.' Reply Ex. H.) The court ordered that "[a]ll materials and documents produce[d] to Defendant or Defendant's counsel in response to the subpoena referenced in Plaintiff's motion shall immediately be destroyed with any copies of such materials and documents to also be destroyed." (Pls.' Reply Ex. H.) The court also ordered that "Defendant and Defendant's counsel are barred from the use of any further subpoenas without first providing proper and timely notice to Plaintiff's attorney of record." (Pls.' Reply Ex. H.) On May 14, 2019, defendant moved to set aside the order quashing subpoena, (Pls.' Reply Ex. E) and on May 23, 2019, the Iowa District Court ordered defendant's motion overruled. (Attachment to Letter from Devin Deane, Esq. dated May 23, 2019.)

Discussion

Rule 45 provides that a subpoena for a commanded production of documents "shall be served on each party in the manner prescribed by Rule 5(b) at least 14 days prior to the response date set forth in the subpoena." M.R. Civ. P. 45(b) (2018). Rule 5 requires service "upon each of the parties no later than the date on which the paper is filed with the court." M.R. Civ. P. 5(a) (2018); see also Phillips v. Johnson, 2003 ME 127, ¶ 24, 834 A.2d 938 ("technical noncompliance with M.R. Civ. P. 5(b), which requires service on a represented party's attorney, is harmless error when [a party] has timely actual notice and suffers no prejudice.").

The Iowa District Court ordered that all materials and documents and any copies produced to defendant or defendant's counsel in response to the subpoena must be immediately destroyed. This court will give full faith and credit to the order of the Iowa District Court. 14 M.R.S. §§ 8001-8008 (2018). The order may be enforced once the authenticated order is filed pursuant to the Uniform Enforcement of Foreign Judgments Act. 14 M.R.S. § 8003; see Reliable Copy Serv. v. Liberty, 2011 ME 127, ¶ 6, 32 A.3d 1041. The record does not reflect an appeal or stay. 14 M.R.S. § 2005. Plaintiff's motion for protective order is moot.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Dated: June 6, 2019

Nancy Mills
Justice, Superior Court

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-313

HEARTS WITH HAITI, INC.,

and

MICHAEL GEILENFELD,

Plaintiffs

v.

PAUL KENDRICK,

Defendant

ORDER ON DEFENDANT'S
MOTION FOR PARTIAL
JUDGMENT ON THE
PLEADINGS

STATE OF MAINE
Cumberland, ss. Clerk's Office

MAY 2 2 2018
9:28 a.m.
RECEIVED

Before the court is defendant's motion for partial judgment on the pleadings. For the following reasons, defendant's motion is denied-in-part and granted-in-part.

1. Background

On February 6, 2013, plaintiffs filed a complaint in the United States District Court for the District of Maine. In the complaint, plaintiffs alleged: count I, defamation; count II, false light; count III, tortious interference with advantageous relationships; and count IV, punitive damages. On July 23, 2015, a jury found in favor of plaintiffs on their defamation, false light, and tortious interference claims and awarded plaintiffs $14.5 million in damages. Plaintiffs subsequently withdrew their punitive damages claim.

On November 18, 2015, defendant appealed to the First Circuit. On January 12, 2016, defendant filed a motion to dismiss in the District Court, arguing that the District Court lacked subject matter jurisdiction because U.S. citizens who are domiciled abroad are "stateless" and unable to invoke the court's diversity jurisdiction. On February 16, 2016, the First Circuit remanded to the District Court to determine whether diversity jurisdiction existed at the time

1

plaintiffs commenced suit. The District Court held a hearing on the jurisdictional issue on March 30, 2016. On June 20, 2016, the District Court granted defendant's motion to dismiss, finding that plaintiff Geilenfeld was domiciled in Haiti at the time plaintiffs commenced suit. Hearts with Haiti, Inc. v. Kendrick, 192 F. Supp. 3d 181, 204 (D. Me. 2016). On April 27, 2017, the First Circuit affirmed the District Court's judgment dismissing the action for lack of federal subject-matter jurisdiction. Hearts with Haiti, Inc. v. Kendrick, 856 F.3d 1, 4 (1st. Cir. 2017).

Plaintiffs filed a complaint in this court on August 12, 2016. In the complaint, plaintiffs alleged: count I, defamation; count II, false light; count III, tortious interference with advantageous relationships; and count IV, intentional infliction of emotional distress. Defendant filed an answer on October 3, 2016. On November 18, 2016, all proceedings were stayed. On October 18, 2017, defendant filed a motion for partial judgment on the pleadings. On October 20, 2017, the stay was lifted. On October 25, 2017, plaintiffs filed an amended complaint and alleged count V, negligent infliction of emotional distress. Plaintiffs allege that defendant has continued to make defamatory statements against them since the July 23, 2015 verdicts. (Pls.' Compl. ¶¶ 134-141, Pls.' Am. Compl. ¶¶ 169-173.) On December 11, 2017, plaintiffs filed an opposition to defendant's motion for partial judgment on the pleadings. On December 18, 2017, defendant filed a reply to plaintiffs' opposition.

2. Standard of Review

When made by the defendant, a motion for judgment on the pleadings "is the equivalent of a motion to dismiss for failure to state a claim." 2 Harvey, Maine Civil Practice § 12:14 at 430 (3d ed. 2011). When reviewing a motion to dismiss for failure to state a claim, the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal

2

theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. The court treats the facts in the complaint as admitted. Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244.

3. Analysis

Defendant argues that, to the extent plaintiffs, in the complaint, allege conduct having occurred prior to August 12, 2014, plaintiffs' claims must be dismissed because they were not filed within the two-year statute of limitations for defamation claims. Defendant also argues that plaintiffs' claims for intentional infliction of emotional distress and negligent infliction of emotional distress are subsumed by the defamation claim. Plaintiffs argue that their claims were timely filed pursuant to Maine's "saving statute," 14 M.R.S. § 855 (2016), that principles of equitable and judicial estoppel bar defendant from asserting a defense based on the statute of limitations, and that the emotional distress claims are not subsumed by their defamation claim.

A. Statute of Limitations

Maine has a two-year statute of limitations for claims alleging false imprisonment, slander, or libel. 14 M.R.S. § 753 (2016). The First Circuit has held that this two-year statute of limitations also applies to claims alleging false light invasion of privacy. Gashgai v. Leibowitz, 703 F.2d 10, 13 (1st Cir. 1983). Because the complaint in this case was filed on August 12, 2016, plaintiff would ordinarily be barred from recovery for damages caused by defendant's defamatory conduct occurring prior to August 12, 2014. Plaintiff asserts, however, that the saving statute has tolled the statute of limitations.

Maine's saving statute states:

3

When a summons fails of sufficient service or return by unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed, or the action is otherwise defeated for any matter of form, or by the death of either party the plaintiff may commence a new action on the same demand within 6 months after determination of the original action; and if he dies and the cause of action survives, his executor or administrator may commence such new action within said 6 months.

14 M.R.S. § 855. Plaintiff argues that the complaint is timely because it was filed within six months after the First Circuit affirmed the United States District Court's dismissal for lack of subject matter jurisdiction. Further, plaintiff asserts that dismissal for lack of subject matter jurisdiction is a dismissal "for [a] matter of form" within the meaning of the saving statute. Defendant argues that the saving statute does not apply because the complaint was filed during the pendency of the Federal Appeal and not after the First Circuit had issued its decision affirming the District Court's dismissal. Defendant also argues that dismissal due to a lack of subject matter jurisdiction is not defeat for a matter of form.

### i. The Meaning of "Within"

Defendant argues the court must strictly construe "within" to mean that the complaint can be filed only inside the six-month period following the "determination of the original action." Plaintiff argues that the statute sets only the outer bound of when the complaint must be filed.

The issue before the court is one of statutory interpretation. When interpreting a statute, the court's "primary purpose is to 'give effect to the intent of the legislature.'" Harrington v. State, 2014 ME 88, ¶ 5, 96 A.3d 696 (quoting Joyce v. State, 2008 ME 108, ¶ 7, 951 A.2d 69). The court starts with the plain meaning of the language and considers the language in the context of the whole statutory scheme. Id.

When used as a preposition, "within" can be defined as meaning either "inside" or "not exceeding the limits or extent of . . . time." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH

4

LANGUAGE 1990 (5th ed. 2016). Both of these constructions of "within" lend support to the parties' respective arguments. The court, therefore, looks to the context of the statutory scheme to determine the proper construction.

The saving statute operates to provide plaintiffs who have had an otherwise timely action defeated for a matter of form an opportunity to correct the defect in form and file a second action despite the statute of limitations having run. See 14 M.R.S. § 855. The purpose of a statute of limitations is to provide repose to defendants by setting a "terminal date to litigation" beyond which a plaintiff may not seek redress through the courts. See Pino v. Maplewood Packing Co., 375 A.2d 534, 537 (Me. 1977). In this context, it is apparent that the language "within 6 months after determination" should be read as setting the limit of time that a plaintiff may not exceed in filing a second action.

In this case, the United States District Court entered an order on June 20, 2016, dismissing plaintiffs' action. Hearts with Haiti, Inc., 192 F. Supp. 3d at 208. Plaintiffs filed the complaint in this court on August 12, 2016. (Pls.' Compl. 1.) On April 27, 2017, the First Circuit issued a decision affirming the District Court's dismissal. Hearts with Haiti, Inc., 856 F.3d 1. Accordingly, plaintiffs filed the complaint "within 6 months after determination" of their federal case. '

ii. Was the Original Action Defeated for a "Matter of Form"

The purpose of Maine's saving statute is "to protect a diligent [plaintiff] from losing his cause of action on account of the abatement of his timely and appropriate action because of some matter not affecting its merits . . . but not to afford the means of a designing [plaintiff] to use to

---

' Plaintiffs also argue that because they filed an amended complaint on October 24, 2017 they did "commence a new action . . . within 6 months after" the First Circuit's April 27, 2017 decision. 14 M.R.S. § 855. "[A] civil action is commenced (1) by the service of a summons and complaint, or (2) by filing a complaint with the court." M.R. Civ. P. 3. Plaintiffs commenced this action when they filed the complaint with the court on August 12, 2016. Accordingly, the action had already commenced when plaintiffs filed their amended complaint on October 24, 2017. Id. The amended complaint did not "commence a new action." Id.; 14 M.R.S. § 855.

extend his cause of action in violation of the statutory limitation." Densmore v. Hall, 109 Me. 438, 441, 84 A. 983, 984 (interpreting R.S. ch. 83, § 94 (1903)). Accordingly, whether an action was brought in good faith and whether it was defeated on the merits are relevant considerations when determining if defeat was for a matter of form. See id.; Townsend v. George P. Dantos & Old Orchard Beach, No. CV-92-608, 1993 Me. Super. LEXIS 113, at *6 (June 25, 1993). The Massachusetts Court of Appeals has indicated that "a touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period, the defendant had actual notice that a court action had been initiated." Liberace v. Conway, 31 Mass. App. Ct. 40, 44, 574 N.E.2d 1010, 1013 (1991) (interpreting ALM GL ch. 260, § 32).

In this case, there is no evidence that plaintiffs filed the federal action in bad faith with the design of extending the limitations period for their claims. On the contrary, plaintiffs prosecuted their case in federal court for a period of more than four-years and obtained a successful jury verdict on the merits of their claims. The defeat in this action came only after the verdict when it became apparent to the District Court that complete diversity, and thus subject matter jurisdiction, was lacking; defeat of plaintiffs' action was therefore not on the merits. Additionally, it is clear that defendant had notice that the prior action had been initiated. On these facts, it appears that section 855 is applicable and plaintiffs' complaint is timely.

Defendant, however, argues that defeat for lack of jurisdiction is not defeat for a matter of form. While it is true that the Law Court has indicated that a lack of personal jurisdiction arising from an insufficient service of process is not a defect in form, Oppenheim v. Hutchinson, 2007 ME 73, ¶ 8, 926 A.2d 177, it has never decided whether a lack of subject matter jurisdiction is a defect in form. In both Oppenheim and the decisions cited therein for support by the Law Court, the deficiencies leading to dismissal for lack of personal jurisdiction all concerned return of service

6

of process or of the respective writs. Id.; see also Donnell v. Gatchell, 38 Me. 217, 219 (1854); Densmore, 109 Me. at 440-41, 84 A. at 984. As noted by the Oppenheim court, interpreting dismissal for an insufficiency in service of process as the equivalent of dismissal for a matter of form would render language in the saving statute which expressly addresses service of process surplusage. See Oppenheim, 2007 ME 73, ¶ 9, 926 A.2d 177; see also 14 M.R.S. § 855 ("When a summons fails of sufficient service or return by unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed . . . the plaintiff may commence a new action"). Unlike in Oppenheim and its antecedents, the dismissal in this case was not due to any deficiency in the service of process. Accordingly, because the concerns underlying those decisions are not applicable to the present case, those decisions do not undermine the proposition that dismissal for lack of subject matter jurisdiction is a defect in form.

Unlike the Law Court, the Superior Court has on two occasions held that a lack of subject matter jurisdiction is a defect in form. See Townswend, 1993 Me. Super. LEXIS 113, at **2-6; Ehrenfeld v. Webber, No. CV-81-3, 1984 Me. Super. LEXIS 152, at **2-4 (Sep. 11, 1984). Similarly, the Massachusetts courts in construing their saving statute, ALM GL ch. 260, § 32, have also held that a lack of subject matter jurisdiction is a defect in form. See Loomer v. Dionne, 338 Mass. 348, 351-52, 155 N.E.2d 411, 413-14 (1959); accord Ciampa v. Beverly Airport Comm'n, 38 Mass. App. Ct. 974, 974, 650 N.E.2d 816, 817 (1995). This court agrees that dismissal for lack of subject matter jurisdiction is a defect in form. Because plaintiffs' prior action was defeated for a matter of form, the savings statute applies.

### B. Equitable and Judicial Estoppel.

As an alternative to the savings statute, plaintiffs also argue that defendant should be equitably and judicially estopped from asserting the defense of the statute of limitations.

7

Application of equitable estoppel is appropriate where a party has engaged in misleading conduct that induces detrimental reliance. See Dep't of Human Servs. v. Bell, 1998 ME 123, ¶ 8, 711 A.2d 1292. In order to conclude a defendant is estopped from invoking the statute of limitations, a plaintiff must demonstrate that he had intended to seek legal redress and that he detrimentally relied on the conduct of the defendant in failing to seek such redress. Nuccio v. Nuccio, 673 A.2d 1331, 1334 (Me. 1996).

In this case, plaintiffs litigated their legal claims against defendant in the United States District Court for the District of Maine. Therefore, plaintiffs have not failed to seek legal redress on their claims. Additionally, defendant's submission to the jurisdiction of the United States District Court is not the type of conduct that could give rise to detrimental reliance. Accordingly, equitable estoppel does not preclude defendant from asserting the defense of the statute of limitations.

Contrary to equitable estoppel, "judicial estoppel is a tool by which courts can prevent litigants from asserting contrary positions in different forums." Robinson v. The Global Newspaper Co., 26 F. Supp. 2d 195, 200 (D. Me. 1998).

> To judicially estop an entity from asserting a position in a subsequent legal action (1) the position asserted in the subsequent legal action must be clearly inconsistent with a previous position asserted; (2) the party in the previous action must have successfully convinced the court to accept the inconsistent position; and (3) the party must gain an unfair advantage as a result of their change of position in the subsequent action.

Linnehan Leasing v. State Tax Assessor, 2006 ME 33, ¶ 25, 898 A.2d 408.

In this case, plaintiffs argue that defendant should be judicially estopped from asserting the statute of limitations because defendant had previously argued at the First Circuit that the state court was an alternative forum which could adequately resolve both the plaintiffs' claims in a single action. Defendant's invocation of the statute of limitations is not clearly inconsistent with

8

his previous position that the state court is an alternative forum in which to resolve plaintiffs' claims. Further, there is no indication that defendant convinced either the United States District Court or the First Circuit Court of Appeals that the statute of limitations would not bar plaintiffs from litigating their claims in state court. See Hearts with Haiti, Inc., 192 F. Supp. 3d at 207-08; Hearts with Haiti, Inc., 856 F.3d at 4. Accordingly, judicial estoppel does not preclude defendant from asserting the defense of the statute of limitations.

C. Plaintiffs' Emotional Distress Claims

Defendant argues that plaintiffs' independent claims for emotional distress must be dismissed in their entirety because they are subsumed by plaintiffs' defamation claim.[2] Plaintiffs argue that these claims have not been subsumed by the defamation claim because not all of the alleged damages are identical to those sought in the defamation claim.

Where a plaintiff's claim for emotional distress damages is based upon the publication of defamatory statements, any damages awarded for a claim for intentional infliction of emotional distress or negligent infliction of emotional distress will be subsumed by those awarded for defamation. Rippett v. Bemis, 672 A.2d 82, 87-88 (Me. 1996). Failure of a plaintiff's defamation claim precludes recovery for an emotional distress claim based upon the same conduct. Shay v. Walters, 702 F.3d 76, 83 (1st Cir. 2012) (holding that the failure of a defamation claim "pretermits continued prosecution" of an emotional distress claim that arises out of the "same nucleus of operative facts" and is "premised upon the same conduct and harm" as the defamation claim). Thus, dismissal is appropriate when a plaintiff's claim for emotional distress is based on alleged defamatory conduct. See id.; Rippett, 672 A.2d at 87-88; Baker v. National Semiconductor Corp,

---

[2] Defendant's motion for partial judgment on the pleadings was filed prior to the amended complaint, in which plaintiffs added a claim for negligent infliction of emotional distress. Although defendant's original motion does not seek dismissal of the negligent infliction of emotional distress claim, defendant makes this argument in his reply to plaintiffs' opposition to defendant's motion for partial judgment on the pleadings. (Def.'s Reply 7.)

9

No. CV-95-1171, 1996 Me. Super. LEXIS 208, at *6 (July 5, 1996) (holding that a plaintiff's intentional infliction of emotional distress claim survived the defendant's Rule 12(b)(6) motion to dismiss because the claim was not based solely on alleged defamatory acts).

While it is clear from the complaint in this case that many of the alleged statements are addressed to, and targeted at, the plaintiffs, these statements were also published to third parties and serve as the basis for, and are inextricably intertwined with, plaintiffs' defamation claims. See e.g. (Pls.' Compl. ¶¶ 51, 54-56, 64, 71, 110.) Accordingly, plaintiffs' claims for emotional distress are duplicative of their claims for defamation and dismissal of those claims is appropriate. See Rippett, 672 A.2d at 87-88; Shay, 702 F.3d at 83; Baker, 1996 Me. Super. LEXIS 208 at *6.

Conclusion

Because plaintiffs' original action was defeated for a matter of form and because plaintiffs commenced this action within six months after determination of the original action, the instant action has been timely filed pursuant to 14 M.R.S. § 855. Plaintiffs' claims for intentional infliction of emotional distress and negligent infliction of emotional distress are based upon the same conduct as their claims for defamation and are dismissed.

The entry is

> Defendant's Motion for Partial Judgment on the Pleadings is GRANTED as follows: Counts IV and V of Plaintiffs' Amended Complaint are DISMISSED. The Remainder of Defendant's Motion for Partial Judgment on the Pleadings is DENIED.

Date: May 18, 2018

Nancy Mills
Justice, Superior Court

10

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-16-313

HEARTS WITH HAITI, INC.,

and
                                                  REC'D CUMB CLERKS OF
                                                  APR 9 '18 PM2:38
MICHAEL GEILENFELD,

        Plaintiffs

v.                                                ORDER ON MOTIONS

PAUL KENDRICK,

        Defendant

        After telephone conference on the record, the court orders the following.

1. Plaintiffs' motion for trial court action pending interlocutory appeal is denied. This case is stayed pending resolution of defendant's interlocutory appeal of the court's order on defendant's special motion to dismiss. See M.R. App. P. 3(c)(4); 14 M.R.S. 556 (2017); Schelling v. Lindell, 2008 ME 59, ¶ 8, 942 A.2d 1226.

2. Plaintiffs' motion for protection from harassment order is denied.

3. Defendant's motion to quash subpoena served on RBC Capital Markets, LLC, d/b/a RBC Wealth Management is granted.

4. Plaintiffs' motion to extend time to file notice of appeal is denied. See M.R. App. P. 2B(d); Viles v. Town of Embden, 2006 ME 107, ¶ 13, 905 A.2d 298. Plaintiffs do not address the good cause requirement in rule 2B(6). See Mirpuri v. ACT Mfg., 212 F.3d 624, 630 (1st Cir. 2000) (discussing Fed. R. App. P. 4). Instead, they rely on the exceptions to the final judgment rule. See e.g., Forest Ecology Network v. Land Use Regulation Comm'n, 2012 ME 36, ¶ 17, 39 A.3d 74; United States, Dep't of Agric., Rural Hous. Serv. v. Carter, 2002 ME 103, ¶¶ 7-8, 799 A.2d 1232; In re Bailey M., 2002 ME 12, ¶ 7, 788 A.2d 590.

        The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: April 9, 2018

                                                  Nancy Mills
                                                  Justice, Superior Court

1

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-313

HEARTS WITH HAITI, INC.,

and

MICHAEL GEILENFELD,

Plaintiffs

ORDER ON DEFENDANT'S
SPECIAL MOTION TO DISMISS

v.

STATE OF MAINE
Cumberland ss Clerk's Office

FEB 20 2018 9:25AM

RECEIVED

PAUL KENDRICK,

Defendant

Before the court is defendant Paul Kendrick's Special Motion to Dismiss filed pursuant to 14 M.R.S. § 556 (2017). For the following reasons, defendant's motion is denied.

FACTS

According to plaintiffs' complaint, plaintiff Michael Geilenfeld is a U.S. citizen who founded St. Joseph's Home for Boys, which provides full-time residence and schooling to disadvantaged children in Haiti. (Pls.' Compl. ¶¶ 6, 8-13.) Plaintiff Hearts with Haiti is a North Carolina nonprofit corporation that organizes fundraising and mission trips to support St. Joseph's Home for Boys, among other organizations. (Id. ¶¶ 5, 40-46.) Defendant is a resident of Freeport, Maine. (Id. ¶ 7.)

Beginning in January 2011, defendant allegedly published to third parties, through blogs, websites, radio broadcasts, and hundreds of emails, defamatory statements that plaintiffs were sexually abusing Haitian children and supporting child sexual abuse. (Id. ¶¶ 48-88.) Plaintiffs allege that defendant's statements have harmed plaintiffs' reputation and have caused pecuniary loss as a result of decreased support from plaintiffs' benefactors. (Id. ¶¶ 89-101.)

1

Defendant fashions himself as a longtime volunteer and advocate who seeks to protect children and bring perpetrators of sexual abuse to justice. (Kendrick Aff. ¶¶ 3-10.) In January, 2011, defendant alleges he received information that plaintiff Geilenfeld had sexually abused Haitian children who were under his care. (Kendrick Aff. ¶ 13.) Defendant then conducted his own research and alleges he found multiple victims of Geilenfeld's sexual abuse. (Kendrick Aff. ¶¶ 14-16.) After reaching out to, and receiving no assistance from, Hearts with Haiti officials, defendant began to speak publicly about the purported sexual abuse. (Kendrick Aff. ¶¶ 17-18.) Defendant claims that all of his public statements were made solely for the purpose of raising public awareness of the allegations in the hope that the public would pressure law enforcement agencies to investigate the plaintiffs. (Kendrick Aff. ¶¶ 24, 27-28.)

On February 6, 2013, plaintiffs filed a complaint in the United States District Court for the District of Maine. In the complaint, plaintiffs alleged: count I, defamation; count II, false light; count III, tortious interference with advantageous relationships; and count IV, punitive damages. On July 23, 2015, a jury found in favor of plaintiffs on their defamation, false light, and tortious interference claims and awarded plaintiffs $14.5 million in damages. Plaintiffs subsequently withdrew their punitive damages claim.

On November 18, 2015, defendant appealed to the First Circuit. On January 12, 2016, defendant filed a motion to dismiss in the District Court, arguing that the District Court lacked subject matter jurisdiction because U.S. citizens who are domiciled abroad are "stateless" and unable to invoke the court's diversity jurisdiction. On February 16, 2016, the First Circuit remanded to the District Court to determine whether diversity jurisdiction existed at the time plaintiffs commenced suit. The District Court held a hearing on the jurisdictional issue on March 30, 2016. On June 20, 2016, the District Court granted defendant's motion to dismiss, finding that

2

plaintiff Geilenfeld was domiciled in Haiti at the time plaintiffs commenced suit. Hearts with Haiti, Inc. v. Kendrick, 192 F. Supp. 3d 181, 204 (D. Me. 2016). On April 27, 2017, the First Circuit affirmed the District Court's judgment dismissing the action for lack of federal subject-matter jurisdiction. Hearts with Haiti, Inc. v. Kendrick, 856 F.3d 1, 4 (1st. Cir. 2017).

Plaintiffs filed a complaint in this court on August 12, 2016. In the complaint, plaintiffs alleged: count I, defamation; count II, false light; count III, tortious interference with advantageous relationships; and count IV, intentional infliction of emotional distress. Defendant filed an answer on October 3, 2016. On November 18, 2016, all proceedings were stayed. On October 20, 2017, the stay was lifted. On October 25, 2017, plaintiffs filed an amended complaint and alleged count V, negligent infliction of emotional distress. Plaintiffs allege that defendant has continued to make defamatory statements against them since the July 23, 2015 verdicts. (Pls.' Compl. ¶¶ 134-141; Pls.' Am. Compl. ¶¶ 169-173.)

TIMELINESS OF THE SPECIAL MOTION TO DISMISS

Plaintiffs argue that defendant's motion should be denied because he did not file his motion within the sixty-day period set by statute, see 14 M.R.S. § 556; failed to request permission to file his motion late; and did not provide a valid reason for the delay in filing.

A special motion to dismiss "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms the court determines proper." 14 M.R.S. § 556. After the sixty-day period has elapsed, a court "has broad discretion in determining whether, consistent with the purposes of the anti-SLAPP statute, a party may file a special motion to dismiss." Bradbury v. City of Eastport, 2013 ME 72, ¶ 14, 72 A.3d 512.

Defendant acknowledged service of the complaint on August 31, 2016. Defendant filed a motion to stay the proceedings on October 3, 2016 and, on October 7, 2016, plaintiffs filed a

3

motion for partial judgment on the pleadings. The section 556 sixty-day filing period elapsed on October 30, 2016, while defendant's motion to stay was pending. The court granted defendant's motion to stay on November 18, 2016. Defendant filed the special motion to dismiss on October 16, 2017. The stay was lifted on October 20, 2017.[1] Plaintiffs' amended complaint was filed on October 25, 2017. Defendant's motion to extend the deadline to answer plaintiffs' first amended complaint pending decision on defendant's special motion to dismiss was granted without objection on November 2, 2016.

Considering this procedural posture, the court allows the late filing of defendant's special motion to dismiss. See Bradbury, 2013 ME 72, ¶¶ 15, 18, 72 A.3d 512.

STANDARD OF REVIEW

The Law Court has prescribed a three-step burden-shifting analysis to determine whether special motions to dismiss brought pursuant to 14 M.R.S. § 556 should be granted. See Gaudette v. Davis, 2017 ME 86, ¶¶ 16-22, 160 A.3d 1190. In the first step, the moving party, here the defendant, bears the initial burden to show that the claims against him are based on his exercise of the right to petition pursuant to the federal or state constitutions. Id. ¶ 16. Whether the defendant's actions constitute petitioning activity is a question of law. Id. If the defendant does not establish that his complained of actions constitute petitioning activities, the court must deny the special motion to dismiss. Id.

Once the defendant establishes that he was engaged in a petitioning activity, the burden shifts to the plaintiff "to establish, through pleadings and affidavits, prima facie evidence that the defendants petitioning activity was devoid of any reasonable factual support or any arguable basis

---

[1] Gaudette v. Davis was decided on May 9, 2017. See Gaudette v. Davis, 2017 ME 86, ¶ 14, 160 A.3d 1190.

4

in law and that the defendant's petitioning activity caused actual injury to the plaintiff." Id. ¶ 17 (citing Nader v. Me. Democratic Party, 2012 ME 57, ¶¶ 16, 29-38, 41 A.3d 551) (internal quotation marks omitted). "If the plaintiff fails to meet any portion of this prima facie burden—either by the absence of the minimum amount of evidence on either element or based on some other legal insufficiency—the special motion to dismiss must be granted . . . ." Id. (internal citations omitted).

The third and final step is reached if the plaintiff meets his prima facie burden for any of the defendant's petitioning activities. Id. ¶ 18. In the third step, the parties engage in a brief period of limited discovery after which the court conducts an evidentiary hearing. Plaintiff must establish, by a preponderance of the evidence, that the defendant's petitioning activity was devoid of factual support or an arguable legal basis and that the petitioning activity caused the plaintiff actual injury. Id. "Neither discovery nor the hearing may address any petitioning activity for which the plaintiff's prima facie burden was not met." Id. ¶ 20.

ANALYSIS

1. Do Defendant's Actions Constitute Petitioning Activities?

Section 556 broadly defines the exercise of the right to petition as:

Any written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any statement falling within the constitutional protection of the right to petition government.

14 M.R.S. § 556 (2017); see also Schelling v. Lindell, 2008 ME 59, ¶ 14, 942 A.2d 1226. Because the Legislature intended to define very broadly the statements covered by section 556, the Law Court construes liberally the meaning of petitioning activity. See Schelling, 2008 ME 59, ¶ 12,

5

942 A.2d 1226. The Law Court has held that the right to petition includes the following: making statements to the sheriff's office about a town official's alcohol use, see Desjardins v. Reynolds, 2017 ME 99, ¶¶ 2, 11, 162 A.3d 228; making public statements about a police officer's alleged sexual abuse made to "inform an ongoing public discussion and investigation into allegations of sexual abuse of minors by members of the Biddeford Police Department," see Gaudette, 2017 ME 86, ¶ 23, 160 A.3d 1190; authoring a defamatory letter to the editor of a newspaper regarding a recent bill in the state legislature, see Schelling, 2008 ME 59, ¶¶ 3, 14, 942 A.2d 1226; and making statements to the press regarding a contract dispute on a public construction project, see Maietta Const., Inc. v. Wainwright, 2004 ME 53, ¶¶ 2-4, 847 A.2d 1169.

In this case, plaintiff argues that defendant's conduct should not be considered petitioning activities because many statements made to convince others not to do business with plaintiffs and to motivate speech by others are not an effort to influence government action; defendant was not petitioning government on his own behalf and is therefore not protected by section 556; defendant's statements made to urge alleged victims to contact a lawyer are not petitioning activity; cyber bullying, threats, and harassment directed at plaintiffs are not petitioning activity, and efforts to encourage the Haitian government to take action against plaintiffs are not petitioning activity. Plaintiff argues Maine's statute is nearly identical to the Massachusetts statute and relies on cases decided by the Massachusetts Supreme Court. (Pls.' Mem. 6, 8, 11-13, 16.)

Defendant argues that his conduct constitutes petitioning activities because he was either making statements to law enforcement authorities in order to encourage a criminal investigation of the plaintiffs, making statements in connection with an ongoing investigation of the plaintiffs, or because the statements were reasonably likely to enlist public participation in an effort to effect

such an investigation. Defendant argues his statements are similar to those made by the defendants in Schelling and Gaudette.

In Schelling, the defendant, a representative in the Maine legislature, wrote a letter that was published in a newspaper and which accused another legislator of supporting a recently enacted law in order to "garner special status for her own business." Schelling, 2008 ME 59, ¶ 3, 942 A.2d 1226. The Law Court held that the defendant's letter was "reasonably likely to enlist public participation" in an effort to effect consideration of an issue by a government body because it was "designed to expand the public consideration of a controversial issue recently considered by the Legislature." Id. ¶ 13. Regarding the fact that the letter did not refer to any pending matter before the legislature, the Law Court clarified that the right of petition is not "limited to speech concerning issues currently awaiting specific action before a public body." Id. ¶ 14. Instead, the right to petition extends to "statements that may have the effect of bringing an issue not currently under consideration into consideration or review by any governmental body." Id.

In Gaudette, the Law Court affirmed the Superior Court's conclusion that the defendant was engaged in a petitioning activity when he made statements, consisting of a newspaper article and a letter read at a public forum, suggesting that a former police officer had committed sexual abuse while at the Biddeford Police Department and that an Assistant Attorney General had engaged in a cover-up. Gaudette, 2017 ME 86, ¶¶ 2, 23, 160 A.3d 1190. The Superior Court concluded that the statements were petitioning activities because they were made as part of "an effort to criticize the handling of the investigation by the Biddeford P.D., and thus encourage review or consideration of current leadership at the Department." Gaudette v. Davis, No. CV-15-97, 2015 Me. Super. LEXIS 229, at *9 (Oct 26, 2015). In reaching this conclusion, the Superior

7

Court expressly rejected the plaintiff's argument that defendant's acts were not petitioning activities because he was not petitioning on his own behalf. Id. at *10-11.

In this case, many of defendant's acts fit within the broad definition of petitioning activities. Defendant made the statements and engaged the public through radio broadcasts and internet websites in an effort to raise awareness about alleged sexual abuse and encourage law enforcement to investigate the plaintiffs. As in Schelling, defendant was attempting to expand the public consideration of an important societal issue. See Schelling, 2008 ME 59, ¶ 13, 942 A.2d 1226; Fortin v. Roman Catholic Bishop of Portland, 2005 ME 57, ¶ 67, 871 A.2d 1208 ("In matters concerning the protection of children from physical and sexual abuse, societal interests are at their zenith"). Defendant had been successful in a similar campaign that led to the prosecution of the director of a boarding school in Haiti for sexual abuse. (Kendrick Aff. ¶¶ 7, 11-12.) It is reasonable to infer he believed the same tactics could once again lead to government action.

Not all of defendant's actions, however, can be considered petitioning activity. Many actions and statements were not made for the purpose of enlisting public participation to obtain redress from the government but were, instead, made for the purpose of pressuring donors and organizations to refrain from doing business with plaintiffs or organizations associated with them. Other actions and statements about plaintiff were published to third parties through blogs, public websites, radio, and emails. See e.g. (Pl.'s Compl. ¶¶ 49-54, 62-81, 87-88, 104, 110-11, 114, 135-39; Pls.' Am. Compl. ¶¶ 169, 171, 173.) In these statements, defendant does not ask the recipients to contact a legislative, executive or judicial body, or take any action beyond terminating their business or philanthropic relationship. In some statements, defendant does not request any action from the recipient of his message. See e.g., (Pls.' Compl. ¶ 64.) Further, unlike in Schelling and Gaudette, many of defendant's statements were not publicized through broadly accessible media

8

forums, such as newspapers or radio, but were instead issued to discreet groups of individuals and organizations through email. Such statements cannot be considered "reasonably likely to enlist public participation in an effort to effect" consideration or review o f the alleged abuse. See Bruno v. Corrado, No. CV-14-429, 2015 Me. Super. LEXIS 140, at *9 (Mar. 31, 2015); Clay Corp. v. Colter, No. CV2012-01138, 2012 Mass. Super. LEXIS 308, at *9-10 (Dec. 11, 2012) (interpreting Mass. Gen. Laws ch. 231, § 59H, the Massachusetts substantively similar anti-SLAPP statute); Defendant has not met his burden to establish the plaintiff's claims are based on petitioning activities alone. See Gaudette, 2017 ME 86, ¶ 16, 160 A.3d 1190.

The entry is

Defendant's Special Motion to Dismiss is DENIED.

Date: February 15, 2018

Nancy Mills
Justice, Superior Court

9

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-313

HEARTS WITH HAITI, INC.,
and MICHAEL GEILENFELD,

Plaintiffs

v.

PAUL KENDRICK,

Defendant

ORDER ON PLAINTIFFS' MOTION
FOR PARTIAL JUDGMENT ON THE
PLEADINGS

Before the court is plaintiffs' motion for partial judgment on the pleadings. Plaintiffs ask the court to enter judgment in their favor against defendant on counts I, II, and III of the complaint. For the following reasons, the motion is denied.

FACTS

According to plaintiffs' complaint, plaintiff Michael Geilenfeld is a U.S. citizen who founded St. Joseph's Home for Boys, which provides full-time residence and schooling to disadvantaged Haitian children in Haiti. (Pls.' Compl. ¶¶ 6, 8-13.) Plaintiff Hearts with Haiti is a North Carolina nonprofit corporation that organizes fundraising and mission trips to support St. Joseph's Home for Boys, among other organizations. (Id. ¶¶ 5, 40-46.) Defendant is a resident of Freeport, Maine. (Id. ¶ 7.)

Beginning in January 2011, through blogs, websites, radio broadcasts, and hundreds of emails, defendant allegedly published to third parties, defamatory statements that plaintiffs were sexually abusing Haitian children. (Id. ¶¶ 48-88.) Plaintiffs allege that defendant's statements

1

have harmed plaintiffs' reputation and have caused pecuniary loss as a result of decreased support from plaintiffs' benefactors. (Id. ¶¶ 89-101.)

On February 6, 2013, plaintiffs filed a complaint in the United States District Court for the District of Maine. In the complaint, plaintiffs alleged: count I, defamation; count II, false light; count III, tortious interference with advantageous relationships; and count IV, punitive damages. On July 23, 2015, a jury found in favor of plaintiffs on their defamation, false light, and tortious interference claims and awarded plaintiffs $14.5 million in damages. Plaintiffs subsequently withdrew their punitive damages claim.

On November 18, 2015, defendant appealed to the First Circuit. On January 12, 2016, defendant filed a motion to dismiss in the District Court, arguing that the District Court lacked subject matter jurisdiction because U.S. citizens who are domiciled abroad are "stateless" and unable to invoke the court's diversity jurisdiction. On February 16, 2016, the First Circuit remanded to the District Court to determine whether diversity jurisdiction existed at the time plaintiffs commenced suit. The District Court held a hearing on the jurisdictional issue on March 30, 2016. On June 20, 2016, the District Court granted defendant's motion to dismiss, finding that plaintiff Geilenfeld was domiciled in Haiti at the time plaintiffs commenced suit. Hearts with Haiti, Inc. v. Kendrick, 2:13-cv-00039-JAW, 2016 U.S. Dist. LEXIS 79620, at *59 (D. Me. June 20, 2016). On June 24, 2016, plaintiffs filed an appeal, which remains pending.

Plaintiffs filed a complaint in this court on August 12, 2016. In the complaint, plaintiffs alleged: count I, defamation; count II, false light; count III, tortious interference with advantageous relationships; and count IV, infliction of emotional distress. Defendant filed an answer on October 3, 2016. Plaintiffs allege that defendant has continued to make defamatory statements against them since the July 23, 2015 verdicts. (Pls.' Compl. ¶¶ 134-141.)

2

Plaintiffs filed their motion for partial judgment on the pleadings on October 7, 2016. Defendant opposed the motion on October 26, 2016. Plaintiffs filed a reply on November 9, 2016. On October 3, 2016, defendant filed a motion to stay, which the court granted on November 18, 2016.

DISCUSSION

### 1. Standard of Review

Any party may move for judgment on the pleadings after the pleadings are closed. M.R. Civ. P. 12(c). "A motion for judgment on the pleadings filed by the plaintiff tests the legal sufficiency of the affirmative defenses set forth in the defendant's answer." Cunningham v. Haza, 538 A.2d 265, 267 n.2 (Me. 1988). As a result, it "can be effective only when the sole defense is an affirmative one, because any denials of fact by defendant will be taken as true for purposes of the motion and thus will have to be tried." Faith Temple v. DiPietro, 2015 ME 166, ¶ 27, 130 A.3d 368; see also 2 Harvey & Merritt, Maine Civil Practice, § 12:14 at 430 (2d ed. 2011). If the court considers matters outside the pleadings, the motion is treated as one for summary judgment. M.R. Civ. P. 12(c). The court may, however, consider official public documents, documents that are central to the claim, and documents referred to in the complaint without converting the motion into a motion for summary judgment. Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 10, 843 A.2d 43.

### 2. Motion for Partial Judgment on the Pleadings

Plaintiffs argue that the doctrine of issue preclusion prevents defendant from relitigating issues that were determined in the federal action, despite the fact that the federal action was dismissed, because issue preclusion requires only a final judgment, not a valid final judgment. (Pls.' Mot. Partial J. Pleadings 7-16.) In support of their argument, plaintiffs cite several Law

3

Court cases that omit the word "valid" when reciting the elements of issue preclusion, while including the word "valid" in the elements of claim preclusion. See Portland Water Dist. v. Town of Standish, 2008 ME 23, ¶¶ 8-9, 940 A.2d 1097 (issue preclusion prevents relitigation if issue determined by "prior final judgment"; claim preclusion prevents relitigation if "valid final judgment" was entered); Fiduciary Trust Co. v. Wheeler, 2016 ME 26, ¶ 10, 132 A.3d 1178 (same); Penkul v. Matarazzo, 2009 ME 113, ¶ 7, 983 A.2d 375 (same); Machias Sav. Bank v. Ramsdell, 1997 ME 20, ¶ 11, 689 A.2d 595 (same).

The omission of the word "valid" cannot be read as the Law Court's tacit approval of applying issue preclusion to issues determined by invalid judgments. Such an interpretation would be inconsistent with the established principle that issue preclusion requires a valid final judgment. See Restatement (Second) of Judgments ¶ 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). Maine cases follow section 27 of the Restatement (Second) of Judgments and require a valid, final judgment. See Town of North Berwick v. Jones, 534 A.2d 667, 669 (Me. 1987); Colquhoun v. Webber, 505 A.2d 794, 795 (Me. 1986).

A judgment issued by a court that lacks subject matter jurisdiction is not a valid judgment. See Boyer v. Boyer, 1999 ME 128, ¶ 6, 736 A.2d 273 ("A judgment is void and must be vacated if the court issuing the judgment lacks subject matter jurisdiction."); Restatement (Second) of Judgments § 1 (1982) ("A court has authority to render judgment in an action when the court has jurisdiction of the subject matter of the action . . ."). The District Court lacked subject matter jurisdiction because plaintiff Geilenfeld is a U.S. citizen who was domiciled

4

abroad at the time plaintiffs commenced suit. Hearts with Haiti, Inc., 2016 U.S. Dist. LEXIS 79620, at *59. As a result, the District Court's judgment is not a valid final judgment.

Further, even if issue preclusion required only a final judgment, no final judgment exists. See Restatement (Second) of Judgments § 13 cmt. f. (1982) ("The judgment ceases to be final if it is in fact set aside by the trial court . . ."). The July 23, 2015 verdicts were set aside by the District Court's dismissal on June 20, 2016. See Hearts with Haiti, Inc., 2016 U.S. Dist. LEXIS 79620, at *59. As a result, the District Court's judgment is neither valid nor final, and any issues determined in the District Court are not entitled to preclusive effect.

CONCLUSION

Issue preclusion does not apply to any issues determined in plaintiffs' case in the District Court because the District Court's judgment is neither valid nor final.

The entry is

Plaintiffs' Motion for Partial Judgment on the Pleadings is DENIED.

Date: January 10, 2017

Nancy Mills
Justice, Superior Court

STATE OF MAINE
Cumberland. ss. Clerk's Office

JAN 1 1 2017
RECEIVED

5